## SOUTHERN RAILWAY COMPANY v. HAWKINS.*

DEATH; EXECUTORS AND ADMINISTRATORS; DAMAGES; NEXT OF KIN.

1. The expression "personal representatives," used in sec. 1302, D. C. Code, 31 Stat. at L. 1394, chap. 854, providing that suits for the death of a person caused by wrongful act shall be brought by the personal representative of the deceased, means either the executor or administrator. (Following *Ferguson* v. *Washington & G. R. Co.* 6 App. D. C. 525.)

2. Where a person domiciled in another jurisdiction is killed in this District, and letters testamentary are granted in the place of domicil, an administrator who is a person other than the executor in that jurisdiction, appointed in this District for the purpose of bringing suit here for damages for the death of the decedent, may maintain such suit over the objection of the defendant,—especially where the foreign executor does not claim the right to bring the suit in his name, and his actions indicate a waiver of such right, if it exists. (Construing D. C. Code, secs. 329 and 1301–1303, 31 Stat. at L. 1242, 1394, 1395, chap. 854, and citing *Washington Asphalt Block & Tile Co.* v. *Mackey,* 15 App. D. C. 410.)

3. An action for death by wrongful act is maintainable in this District by an administrator for the benefit of the illegitimate brother of the half blood of the decedent, a woman, under sec. 1301, D. C. Code, 31 Stat.

*As to right to recover for negligent killing of illegitimate, or to maintain action for benefit of illegitimate for negligent killing of relative, see note to *McDonald* v. *Southern R. Co.* 2 L.R.A. (N.S.) 640.

at L. 1394, chap. 854, providing that damages recovered in such actions shall be assessed with reference to the injury to the widow and "next of kin" of the decedent; sec. 387, 31 Stat. at L. 1250, chap. 854, providing that illegitimate children may in this District inherit from their mother and from each other, and that when any illegitimate child shall die, leaving no descendants, or brothers or sisters, or descendants of such, the mother of such illegitimate child shall be entitled "as next of kin" to take from such child; and sec. 386, providing that in the distribution of personal estate there shall be no distinction between the whole and the half blood.

No. 2131.   Submitted April 13, 1910.   Decided May 26, 1910.

HEARING on an appeal (specially allowed) by the defendant from an order of the Supreme Court of the District of Columbia, sustaining a demurrer to pleas of the defendant to a declaration to recover damages for the death of the plaintiff's intestate, and overruling the defendant's demurrers to the plaintiff's replication.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the appellant, the Pullman Company and *Mr. George E. Hamilton,* for the appellant, the Southern Railway Company:

1. Appellee, as administrator, has no right to maintain this action. D. C. Code, secs. 1301, 1303. The executor would have power to compromise a cause of action of this character before suit brought. *Parker* v. *Providence & S. S. S. Co.* 14 L.R.A. 414; *Rogers* v. *Hand,* 39 N. J. Eq. 270–275; *Meeker* v. *Vandoweer,* 15 N. J. L. 392; *Sykora* v. *Case Threshing Mach. Co.* 59 Minn. 130. This court held in *Ferguson* v. *Railroad Co.* 6 App. D. C. 525, 534, that "the right of action is purely statutory, and recovery can only be had by the personal representative of the deceased person. The personal representative is either the executor or administrator of the deceased. That is the legal and accepted definition of those terms; and no other person can maintain the action under the statute." See

also *Copeland* v. *Seattle,* 65 L.R.A. 333.   In view of the fore-
going decisions, it would appear to be definitely determined
that where a cause of action arises because of the negligent kill-
ing of a person, and that person dies testate, the executor of the
estate is the "personal representative" of such deceased person.
This being so, no other person can maintain the action under
the statute (*Ferguson* v. *Railroad Co.* supra).

2. The Probate Court was without jurisdiction to grant
letters of administration to appellee.

Vellma V. Jones at the time of her death was a resident of
and domiciled in the State of Louisiana.  She died unmarried
and without issue, leaving a last will and testament, which last
will and testament appointed an executor thereof.  Her last
will and testament was duly admitted to probate and record in
the State of Louisiana, and letters testamentary thereunder is-
sued to said executor, who duly qualified as such, and is now
living, and whose letters have never been revoked.  All of the
property of the deceased in this District at the time of her
death was turned over to and received by the executor.  Appel-
lee was not such executor.

This was the situation when appellee came into this juris-
diction and secured his appointment as administrator of the
estate of said deceased.

The two essential prerequisites of administration were lack-
in, *viz.,* local assets and the intestacy of the deceased (Code,
sec. 273).

So far as we have been able to ascertain, under the present
state of our law the only jurisdiction which the probate court
has over the estate of nonresident decedents is to administer
such local assets as may be necessary to satisfy local creditors
(sec. 260, Code).

There were no local assets or local creditors at the time of
appellee's appointment.

Nor was there any occasion for the appointment of an
administrator of her estate.  There was a duly qualified execu-
tor in existence, capable of managing the estate and of handling
any claim for damages in respect to her death.

This executor could have maintained an action in the State of Louisiana, or he could have brought suit in this jurisdiction if he so desired under sec. 329, Code, D. C.

The action of the probate court in granting letters of administration upon the estate of the deceased, when there was in existence a duly qualified executor of such estate, was absolutely void. *Kane* v. *Paul,* 14 Pet. 33. We are not unmindful of the decisions of this court in *Asphalt Co.* v. *Mackey,* 15 App. D. C. 410, and in *Western U. Teleg. Co.* v. *Lipscomb,* 22 App. D. C. 104. They are not in conflict with the contentions in this case. In both of these cases the person killed died intestate, and there was no "personal representative" authorized to maintain the action; hence the necessity for the appointment of one for that purpose. In the latter case the decedent was a resident of Virginia at the time of his death.

. 3. An action cannot be maintained for the benefit of an illegitimate brother of the half blood, because of the death of his illegitimate sister of the half blood, under the provisions of chap. 45 of the Code.

Appellee instituted and seeks to maintain this action for his own benefit as the sole next of kin of the deceased.

It is a well-recognized rule of construction that when legislative acts enabling survivors to sue for damages for death by wrongful act use the words "next of kin," "father," or "mother," "children," "brothers," or "sisters," they mean only legitimate next of kin, father, mother, children, brothers, or sisters. *Dickinson* v. *North Eastern R. Co.* 2 H. & C. 735; *Clarke* v. *Carfin Coal Co.* [1891] 1 A. C. 412; *Gibson* v. *Midland R. Co.* 2 Ont. Rep. 658; *Citizens Street R. Co.* v. *Cooper,* 22 Ind. App. 459; *Marshall* v. *Wabash R. Co.* 46 Fed. 269; *McDonald* v. *Southern R. Co.* 71 S. C. 352, 2 L.R.A.(N.S.) 640; *Lynch* v. *Knoop,* 118 La. 611; *Landry* v. *American Creosote Works,* 119 La. 231; *McDonald* v. *Pittsburg C. C. & St. L. R. Co.* 144 Ind. 459, 43 L.R.A. 309; *Thornburg* v. *American Strawboard Co.* 141 Ind. 443; *Good* v. *Towns,* 56 Vt. 410; *Alabama & V. R. Co.* v. *Williams,* 51 L.R.A. 836; *Harkins* v. *Philadelphia, R. R. Co.* 15 Phila. 286; *Robinson* v. *Georgia R. & Bkg. Co.*

60 L.R.A. 555; *Illinois C. R. Co.* v. *Johnson,* 77 Miss. 727, 51 L.R.A. 837.

*Mr. Lorenzo A. Bailey* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is a special appeal from an order of the Supreme Court of the District of Columbia sustaining the demurrers of the plaintiff, Nyanza Hawkins, administrator of the estate of Vellma V. Jones, deceased, appellee here, to the pleas of the defendants, the Southern Railway Company and the Pullman Company, corporations, appellants here, and overruling the defendants' demurrers to the plaintiff's replication.

The suit was brought by Nyanza Hawkins as administrator of the estate of Vellma V. Jones, deceased, for the recovery of damages for the alleged negligent killing of said decedent while the train upon which she was a passenger was passing through a tunnel near the Union Station in this District. The declaration avers that said decedent "left her surviving as her sole next of kin her brother, the said Nyanza Hawkins, for whose benefit this suit is brought under the provisions of the Code of Law for the District of Columbia."

To the declaration appellants plead: First, that the domicil of the decedent at the time of her death was in the State of Louisiana; that she died unmarried and without issue, leaving a last will and testament in which an executor was named: that said last will and testament was admitted to probate and record in the State of Louisiana, and letters testamentary thereunder issued to said executor, who duly qualified thereunder, and who is now living and still qualified to act; that said executor is not Nyanza Hawkins; that all the property of said Vellma V. Jones in this District, consisting of money and jewelry, was turned over to said executor; and, second, that said Nyanza Hawkins is an illegitimate brother of ͱ half blood of said decedent, and not next of kin, and that he has no interest in this suit.

It will be seen that two questions are raised by the pleadings: First, did the probate court of the District of Columbia have jurisdiction to appoint an administrator for the prosecution of this suit? and, second, is appellee next of kin within the meaning of sec. 1301 of the Code [31 Stat. at L. 1394, chap. 854].

Sec. 329 of the Code [31 Stat. at L. 1242, chap. 854] provides: "It shall be lawful for any person or persons to whom letters testamentary or of administration have been granted by the proper authority in any of the United States or the Territories thereof, to maintain any suit or action and to prosecute and recover any claim in the District, in the same manner as if the letters testamentary or of administration had been granted to such person or persons by the proper authority in the said District; and the letters testamentary or of administration, or a copy thereof certified under the seal of the authority granting the same, shall be sufficient evidence to prove the granting thereof, and that the person or persons, as the case may be, hath or have administration." The effect of this provision, it has been held, is that letters testamentary obtained in the jurisdiction of the domicil of the decedent prevail over letters of administration *de bonis non* granted in this District, and that the statute confers upon such foreign administrator the right "to recover from any individual within the District of Columbia, effects or money belonging to the testator or intestate, and that letters testamentary or of administration obtained in either of the States or Territories of this Union give a right to the person having them, to receive or give discharges for assets, without suit, which may be in the hands of any person in the District of Columbia." *Kane* v. *Paul,* 14 Pet. 33, 10 L. ed. 341. If, therefore, the amount that may be recovered in this action will constitute an asset of the estate of the decedent, it is clear that upon the facts pleaded the court was without jurisdiction to appoint the appellee, administrator.

Said sec. 1301 provides that the damages occasioned by the death of the person killed by the wrongful act, neglect, or default, etc., "shall be assessed with reference to the injury re-

sulting from such act, neglect, or default causing such death, to the widow and next of kin of such deceased person." Section 1302 requires that suit shall be brought "by and in the name of the personal representative of such deceased person." This has been held to mean either the executor or administrator of the deceased. *Ferguson* v. *Washington & G. R. Co.* 6 App. D. C. 525.

Sec. 1303 ordains: "The damages recovered in such action shall not be appropriated to the payment of the debts or liabilities of such deceased person, but shall inure to the benefit of his or her family, and be distributed according to the provisions of the statute of distribution in force in the said District of Columbia."

Sec. 1301, therefore, in effect provides that the measure of damages shall be the injury resulting to the widow and next of kin. While sec. 1302 requires the action to be brought in the name of the personal representative, sec. 1303 in terms sets aside the damages recovered for the benefit of the family of the decedent. It will thus be seen that the duty of the administrator is simply to bring the suit allowed by the statute, and, in the event of a recovery, distribute the damages according to the provisions of the statute of distributions in force in this District. In *Washington Asphalt Block & Tile Co.* v. *Mackey,* 15 App. D. C. 410, Mr. Chief Justice Alvey, speaking for the court, said: "It is true, the damages that are recoverable in such case as this may not be assets of the estate of the deceased, in any proper sense of the term. But the recovery, whatever it may be, is distributable to the family of the deceased, according to the provisions of the statute of distributions for intestate's personal estate. If, however, as seems to be the case, the recovery be had by the administrator *simply as a nominal plaintiff,* the statute confers the right to recover for the use of the beneficiaries designated, and the giving of such right to sue would seem necessarily to imply the right in the probate court to grant letters of administration to enforce the right conferred by the statute. Otherwise, those most in need of the benefit of the remedy afforded by the statute might be wholly denied the

right of recovery, for the want of a nominal plaintiff to sue, however just their claim, or however flagrant might be the circumstances of their case. We think such construction ought to be placed upon the statute as will preserve the right conferred thereby, and which will promote the policy of the statute, and not defeat it." The question before the court in that case was as to the power to grant letters of administration where the party dies leaving no property here to be administered, but the language quoted is pertinent to the question now under consideration. In *Jeffersonville R. Co.* v. *Swayne,* 26 Ind. 477, the court, in construing a statute similar to ours, said: "The right of action created by the statute is founded on a new grievance, namely, causing the death, and is for the injury sustained thereby by the widow and children or next of kin of the deceased, for the damages must inure to their exclusive benefit. They are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. The relation of the administrator to the fund when recovered is not that of the representative of the deceased, but of a trustee for the benefit of the widow and next of kin. The action is for their exclusive benefit, and if no such person existed, it could not be maintained. * * * Upon a careful examination of the statute, and of the decisions of other states under statutes substantially the same, we are satisfied that the construction we have here given to it is the only consistent and correct one, and that the right of action created by it does not constitute assets of the deceased, within the provision of the 8th section of the act relating to the settlement of decedents' estates." In speaking of a similar statute the supreme court of New Jersey, in *Pisano* v. *B. M. & J. F. Shanley Co.* 66 N. J. L. 7, 48 Atl. 618, said: "By the statute the amount recovered in this suit does not go into the personal estate of the deceased, to be applied to the payment of his debts. It is brought for the benefit of the widow and next of kin, and is a suit wholly for the benefit of those persons. *Cooper* v. *Shore Electric Co.* 63 N. J. L. 558, 44 Atl. 633. The administrator upon the record, whoever he is, is a formal party for the maintenance of the action." It is, we

think, clear that the amount recoverable in this suit will not, in the generally accepted meaning of the term, be assets of the estate of the decedent, and that the personal representative mentioned in the statute is a mere trustee for those entitled, under the law, to the amount recovered. The reasons for avoiding conflicts between foreign and local administrators, therefore, did not exist in this case. The foreign executor did not attempt to bring this suit, and is not here complaining because it was brought by appellee. In such a situation, we think, he may be presumed to have waived any right conferred upon him by the local statute, and that such waiver may be taken advantage of by the real party in interest. This presumption is supported by the conduct of the Louisiana executor in collecting the actual assets of the decedent within the District, and in failing either to bring suit under the statute, or to object to its prosecution by appellee. Of course, upon the waiver or renunciation by the Louisiana executor of his rights in the premises, there could be no question as to the authority of the probate court to appoint a local administrator to represent the next of kin in this suit. It is not necessary to determine the question whether, had the Louisiana executor asserted his right to represent the next of kin, the court would have had authority to appoint another as such representative.

Sec. 387 of the Code [31 Stat. at L. 1250, chap. 854] reads as follows: "The illegitimate child or children of any female, and the issue of any such illegitimate child or children, shall be capable to take from their mother, or from each other, or from the descendants of each other, in like manner as if born in lawful wedlock. When an illegitimate child or children shall die, leaving no descendants, or brothers or sisters, or the descendants of such brothers or sisters, then and in that case the mother of such illegitimate child or children, if living shall be entitled as next of kin; and if the mother be dead, the next of kin of the mother shall take in like manner as if such illegitimate child or children had been born in lawful wedlock." Substantially the same provision is contained in sec. 958 of the Code [31 Stat. at L. 1344, chap. 854], in reference to the de-

scent of real estate. It is contended by appellants that the words "next of kin" in said sec. 1301, mean only legitimate next of kin, and hence that Nyanza Hawkins, being the illegitimate half brother of the decedent, is not entitled to the benefit of the statute. It may be readily conceded that, in the absence of statute changing the rule of the common law, the words "next of kin, father, mother, brother, or sister," refer only to legitimates. Such is the force of the decisions cited by appellants; but that is not the question before this court. The question here is whether a remedial statute for the benefit of those dependent upon a person brought to an untimely end by the negligence of another person or corporation is extended by the above provisions of the Code to "the illegitimate child or children of any female, and the issue of any such illegitimate child or children." Sec. 387 provides that such children "shall be capable to take from their mother, or from each other, or from the descendants of each other, *in like manner as if born in lawful wedlock.*" The section further provides that if the illegitimate child shall die leaving no descendants, etc., the mother of such illegitimate child, if living, "shall be entitled *as next of kin,* and if the mother be dead the next of kin of the mother shall take in like manner as if such illegitimate child or children had been born in lawful wedlock." It was evidently the intent of Congress, in enacting this statute, to remove the common-law disability of inheritance through the maternal line, and to that extent place illegitimates upon the same basis as legitimates. This amounted to a declaration of public policy by the lawmaking power, which declaration, being found in the same Code that provides for the recovery of damages in favor of next of kin of persons whose deaths occur under the conditions mentioned, ought to receive great consideration in determining what was meant by "next of kin" as used in sec. 1301. In other words, Congress having ordained that illegitimate children may inherit from their mother and from each other, and that when any illegitimate child shall die leaving no descendants, etc., the mother of such illegitimate child "shall be entitled *as next of kin*" to take from such child,—this amounts to a legislative declaration that the mother of illegitimate children may be their next of

kin, and that illegitimate children of any female are next of kin to each other. Is it reasonable to assume that Congress, having so declared, should have intended to use the words "next of kin," in said sec. 1301, in a more restricted sense? We think not. The Code is one harmonious whole, and, in the absence of language clearly indicating such intent, we are not at liberty to assume that "next of kin" means one thing in one section, and a different thing in another.

In *Security Title & T. Co.* v. *West Chicago Street R. Co.* 91 Ill. App. 333, it was held that, inasmuch as the statute of inheritance of that State removed the common-law disability of illegitimate children, an action could be maintained for the benefit of the mother of an illegitimate child as the next of kin of such child, under a statute providing compensation for causing death by wrongful act, neglect, or default. We are satisfied with the reasoning of the court in that case, although the intent of the legislature was not as clear in that case as the intent of Congress in this.

Counsel for appellants have cited *Robinson* v. *Georgia R. & Bkg. Co.* 117 Ga. 168, 60 L.R.A. 555, 97 Am. St. Rep. 156, 43 S. E. 452, and *Illinois C. R. Co.* v. *Johnson,* 77 Miss. 727, 51 L.R.A. 837, 28 So. 753. In neither of these cases, however, was the statute involved identical with ours. We are certainly not prepared, on the strength of these two decisions, to adopt a view which we are convinced would do violence to the intent of Congress.

The question is raised by appellants that there is a distinction between an illegitimate brother of the half blood and one of the whole blood. Sec. 386 of the Code ordains that in the distribution of the personal estate there shall be no distinction between the whole and the half blood. Moreover, under sec. 387 illegitimates derive their inheritable blood from their mother, the statute taking no account of the father. It would be an anomalous situation, indeed, to hold illegitimate children capable of inheriting from their mother, but not from each other. Such was not the intent of the statute.

For the reasons stated, we affirm the judgment of the trial court, with costs.                    *Affirmed.*