# FLEMING *v.* CAPITAL TRACTION COMPANY.

DEATH; ADMINISTRATORS; ACTIONS; COURTS.

1. The supreme court of the District of Columbia holding a probate court. has no authority or jurisdiction to appoint an administrator for the sole purpose of bringing suit in the District to recover damages for the negligent killing in the District of a person domiciled therein, when there are already in existence administrators previously appointed by the same court, who are alive and qualified to act, and whose appointment has never been revoked, notwithstanding the damages which may be recovered in such an action are not assets of the estate in the sense that they may be appropriated to the payment of debts. (Distinguishing *Southern R. Co.* v. *Hawkins,* 35 App. D. C. 313, 21 Ann. Cas. 926).

2. No person other than those upon whom the statute confers authority may bring an action for wrongful death. (Citing *Ferguson* v. *Washington & G. R. Co.* 6 App. D. C. 525.)

No. 2509. Submitted May 14, 1913. Decided May 26, 1913.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia sustaining a plea in abatement to the declaration in an action to recover damages for the alleged killing of the plaintiff's intestate.

*Affirmed.*

The facts are stated in the opinion.

*Mr. A. B. Webb* and *Mr. Edwin Forrest* for the appellant.

*Mr. A. S. Newmeyer* also for the appellant.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.,* and *Mr. G. Thomas Dunlop* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a judgment in the supreme court of the District in favor of the defendant, the Capital Traction Company, appellee here, upon the issue joined on defendant's plea in abatement.

The facts developed by the pleadings are substantially as follows: John Fleming died on October 16, 1909, as the result of an injury received in the machine and repair shop of the defendant. On October 29th, following, letters of administration upon the estate were duly issued to Amalia A. Fleming, wife of the decedent and the plaintiff herein, and John Fleming, a son. On the same day an order was passed granting permission to said administrators to engage the services of counsel in the administration of the estate. These administrators, on November 1, 1910, filed an account purporting on its face to be the first and final account, making distribution of the estate then in their hands. On October 10, 1910, Amalia A. Fleming filed in the probate court her petition, setting out that she was the widow of said John Fleming; that he died because of injuries received in an accident while in the building of the defendant, "and for the sole purpose of instituting suit for the recovery of damages, if any, to which the estate of the decedent may be entitled, is the purpose and object, among others, of this application." On the same day the court directed that letters of administration be granted her "for the sole purpose of instituting suit to recover damages on account of the death of the said John Fleming, deceased." The letters actually issued, however, are in exactly the same form as the letters previously granted said Amalia A. Fleming and John Fleming. Subsequently, and while plaintiff's coadministrator under the letters issued on October 29, 1909, was still living and qualified to act, the plaintiff brought this suit under the supposed authority of the separate letters of administration granted her. The question for determination, therefore, is whether the supreme court of the district holding a probate court has authority or jurisdiction to appoint an administrator for the purpose of

bringing suit in this District to recover damages for the negli-
gent killing in the District of a person domiciled therein, when
there are already in existence administrators previously ap-
pointed by the same court, who are alive and qualified to act,
their appointment never having been revoked.

Under the provisions of sec. 1301 of the Code (31 Stat. at L.
1394, chap. 854) a right of action for an injury done within
the limits of the District resulting in death, by wrongful act
or neglect of any person or corporation, survives for the benefit
of the widow and next of kin when the act or neglect is such
as would, had death not ensued, entitled the party injured to
maintain an action.   Sec. 1302 requires that "every such action
shall be brought by and in the name of the *personal representa-
tive* of such deceased person," etc.   The words "personal repre-
sentative," as used in this statute, have been held to refer either
to the executor or administrator, and hence, as the right of
action is statutory, no person other than those upon whom au-
thority to bring the action is expressly conferred may maintain
it.   *Ferguson* v. *Washington & G. R. Co.* 6 App. D. C. 525.
And while damages under such an action do not, in the general-
ly accepted meaning of the term, constitute assets of the estate
of the decedent, because they may not be appropriated to the
payment of his debts or liabilities (*Southern R. Co.* v. *Hawkins,*
35 App. D. C. 313), they are nevertheless to be distributed
"according to the provisions of the statute of distribution in
force in the said District of Columbia."   Code, sec. 1303.   In-
asmuch, therefore, as such an action may not be brought by any-
one other than an executor or administrator, and that the dam-
ages recovered are to be distributed in accordance with the rule
applicable to other assets of the estate, it necessarily follows, we
think, that it is as much the duty of an executor or adminis-
trator to institute such a suit, if the facts warrant its institu-
tion, as it is his duty to perform any other act of administra-
tion.

In *Griffith* v. *Frazier,* 8 Cranch, 1, 3 L. ed. 471, it was ruled
that so long as a qualified executor is capable of exercising the
authority with which he has been invested, that authority can-

not be conferred, either with or without limitation, by the probate court on any other person. It was further ruled in that case that if, while an executor is capable of acting, the probate court grant administration, either absolute or temporary, *that grant is absolutely void.* "No temporary administration," said the court, "can be granted, and where there is an executor in being, capable of acting, and where the case will not justify the grant of a temporary administration, it would seem to be as completely out of the jurisdiction of the ordinary as the grant of an absolute administration, where that is not within his power." The theory upon which the decision proceeded was that the appointment of an executor or administrator vests the whole personal estate in the person so appointed, and hence the second appointment, the first still being alive, can neither pass nor convey anything. In *Kane* v. *Paul,* 14 Pet. 33, 10 L. ed. 341, it was held that letters of administration obtained in the jurisdiction of the domicil of the decedent prevail over letters of administration *de bonis non* granted in this District. The court said: "The action of the court, to be effective to grant administration upon a will, an executor being alive and capable of acting, must be within its powers. If not, the administration will be void."

In *Munroe* v. *People,* 102 Ill. 406, it was ruled that, in the absence of express statutory authority, the court has no power to remove an administrator where the administrator has accepted, qualified, and entered upon his duties, and that, until some of the causes mentioned in the statute as ground of removal are placed before the court for action, the court has no jurisdiction to act. In *Re Hamilton,* 34 Cal. 464, it was ruled that the appointment of a new administrator can no more be made where a former administrator is in office than an appointment can be made in the first instance until the death of an intestate. See also: *Re Griffith,* 84 Cal. 107, 24 Pac. 381, 23 Pac. 528; *Allen* v. *Kellam,* 69 Ala. 442; 1 Woerner, Am. Law of Administration, sec. 179, p. 395. The foregoing adjudications are decisive of the question here in issue. The first letters of administration constituted the administrators therein

named the personal representatives of the decedent, and clothed them with power and imposed upon them the duty of instituting this suit, if the facts warranted such action. If either of them failed in that duty, appropriate proceedings should have been instituted under the statute looking to his or her removal. But, so long as their appointment remained unrevoked and their capacity to act unimpaired, the subsequent appointment conferred no greater power upon the appointee than an appointment directing the appointee to take charge of all the assets of the decedent while other duly qualified administrators were in being. It is apparent that such an appointment as was last suggested would amount to a removal of prior administrators in a manner not authorized by the statute. If all their functions may not be thus indirectly taken from them, none of them may. There is nothing inconsistent with this ruling in *Southern R. Co.* v. *Hawkins,* 35 App. D. C. 313. The question there was whether the probate court in this District has authority to appoint a personal representative of a decedent whose death resulted here from a negligent act, when the decedent left no assets, or was domiciled elsewhere, or had personal representatives elsewhere, who were beyond the jurisdiction of the courts of the District of Columbia, and had by inaction waived their right to institute suit here.

The judgment must be affirmed, with costs.     *Affirmed.*

A motion by the appellant to modify the judgment was overruled October 7, 1913.