WILSON v. CHARLENT et al.
C. A. No. 1874–48.

United States District Court
District of Columbia.
Jan. 11, 1949.

---

Jo. V. Morgan, Jr., of Washington, D. C., for plaintiff.

William S. Culbertson and Edmund E. Pendleton, Jr., both of Washington, D. C., for defendant Louise Charlent.

John L. Hamilton (of Hamilton & Hamilton), of Washington, D. C., for defendant George Lemmens.

MORRIS, District Judge.

Plaintiff in this case, as trustee, has sought by complaint instructions for the disposition of the property held by him under the will of Gabrielle Steger. The critical part of the will in question is the second item of paragraph eleven, reading as follows: "Second. If my two sisters, Hortense Steger and Clemence Steger, now residing at Antwerp, Belgium, are living at the time of distribution herein provided for and the same can be paid over to them, free from any tax or confiscation under any guise caused by German domination or by any German regime in power in the country in which they may reside, then the residue of my estate held by said Trustee under this trust shall be paid by him to said sisters in equal portions or to the survivor if one be deceased. In the event that my said two sisters or either of them shall be living at that time but the residue of my estate will not be paid to them in compliance with the conditions above provided, then I direct my said Trustee to retain said residue for a period of five years from the time of my death, and if at the expiration of the said five years the above restriction still exists on account of which the residue cannot be turned over to my two sisters or the survivor, I direct my said Trustee to distribute the residue in equal shares to George Sellers Smith and Lucy H. Smith of Wilmington, Delaware. In the event any of said parties shall be deceased at the time of distribution their share shall be paid to their heirs at law."

Both sisters named in the will survived the testatrix, but have since died, the said Clemence Steger dying in Belgium on or about October 21, 1944, and the said Hortense Steger dying in Belgium on or about February 22, 1945. The testatrix had had another sister, Jeanne Steger (Mrs. Louis) Lemmens, who died in Belgium many years ago. It is conceded that this sister was the mother of both defendants, Louise Charlent and Georges Lemmens; that the former was born as a result of the marriage of her mother with her father Louis Lemmens, but the latter was born out of wedlock, and the said Louis Lemmens was not the father of the said Georges Lemmens. It further appears that, within the period provided in the will, the plaintiff is able to pay and deliver the property held by him to the proper parties "free from any tax or confiscation under any guise caused by German domination or by any German regime in power in the country in which they may reside."

The sole question, therefore, remaining to be determined is whether or not the property in question should be paid wholly to the defendant Louise Charlent, or one-half to her, and the other half to the defendant Georges Lemmens, which question is to be answered by the answer to the legal question of whether or not an illegitimate child of a mother may inherit property from the sister of his mother, who is deceased. The applicable statutes of the District of Columbia are the following provisions of the District of Columbia Code (1940 Ed.):

Sec. 18—716. "The illegitimate child or children of any female and the issue of any such illegitimate child or children shall be capable to take from their mother, or from each other, or from the descendants of each other, in like manner as if born in lawful wedlock. * * * (Mar. 3, 1901, 31 Stat. 1250, ch. 854, Sec. 387.)"

Sec. 18—107. "The illegitimate child or children of any female and the issue of such illegitimate child or children shall be capable in law of taking real estate by inheritance from their mother, or from each other, or from the descendants of each other, as the case may be: Provided * * *. (Mar. 3, 1901, 31 Stat. 1344, ch. 854, § 958; June 30, 1902, 32 Stat. 537, ch. 1329.)"

Sec. 18—709. "If there be a brother or sister, or child or descendant of a brother or sister, and no child, descendant, or father or mother of the intestate, the said brother, sister, or child or descendant of a brother or sister shall have the whole. (Mar. 3, 1901, 31 Stat. 1250, ch. 854, § 381.)"

Sec. 18—710. "Every brother and sister of the intestate shall be entitled to an equal share, and the child or children, or descendants of a brother or sister of the intestate, shall stand in the place of their deceased parents respectively. (Mar. 3, 1901, 31 Stat. 1250, ch. 854, § 382.)"

The plaintiff, as well as the defendants, recognizing that there is no issue as to any material fact, have each moved for a summary judgment.

The defendant Louise Charlent insists that, as an illegitimate child had no inheritable interest at common law, the relaxation by statute must be construed strictly, and in that view that, although the defendant Georges Lemmens could inherit property *from* his mother, the statute does not authorize the inheritance of property *through* his mother from his mother's sister, or other collateral kindred. There are numerous cases in other jurisdictions which strongly support this contention. There is no decision in this jurisdiction directly in point. There are decisions in other jurisdictions which do permit the inheritance by an illegitimate child of property *through* the mother *from* her collateral kindred, but in many of those instances the statutes involved are so worded that it is not necessary to construe the language *from the mother* as comprehending inheritance *through the mother*.

The statute in force in Maryland is precisely like the District of Columbia statute here involved. In the case of Barron v. Zimmerman, 117 Md. 296, 83 A. 258, 259, Ann.Cas.1914D, 574; the Court of Appeals of Maryland, construed that statute as authorizing the inheritance by an illegitimate child from his deceased mother's sister, and in the course of its opinion stated: "It would certainly seem to be a reasonable construction of statutory provisions which are codified together as parts of the same general plan of descent and distribution to hold that one who is placed in the position of a lawfully begotten child for the purpose of inheriting from his mother should be regarded as a 'child' of the mother within the intent of the law for the purpose of succeeding to the estate which she would have inherited if she had survived."

Although this decision of the Maryland Court is not binding in this jurisdiction in the sense that it would be binding, if rendered prior to 1801, it should be given great weight in interpreting a statute of the District of Columbia which was presumably derived from the same source as the Maryland statute, if not indeed taken from that statute itself. Watkins v. Rives, 75 U.S. App.D.C. 109, 125 F.2d 33. Our Court of Appeals, in the case of Southern R. Co. v. Hawkins, 35 App.D.C. 313, at page 322, 21 Ann.Cas. 926, made the following observation: It was evidently the intent of Congress, in enacting this statute, to remove the common-law disability of inheritance *through the maternal line,* and to that extent place illegitimates upon the same basis as legitimates. [Emphasis supplied.]

While this case involved the right of an administrator of a decedent's estate to seek recovery for the wrongful death of decedent in behalf of his illegitimate brother, as next of kin, and cannot, therefore, be said to be controlling on the question here involved, it is nevertheless a very clear recognition of a broad general legislative purpose, which it seems to me should be

attributed to the Congress in construing the applicable statute here. It seems to me that the Congress intended that the illegitimate child, in so far as inheritance is concerned, is to be considered in all respects as the child of its mother, and it seems to me highly artificial to draw a distinction between property of which the mother was seized and possessed at the time of her death and the property of which she would have become seized and possessed had she lived.

The motion for summary judgment in favor of the defendant Louise Charlent will be denied. The motion for summary judgment in favor of the plaintiff and the defendant Georges Lemmens will be granted, and the plaintiff will be directed to make distribution of the property in his hands, as trustee, one-half to the defendant Louise Charlent, and one-half to the defendant Georges Lemmens.