Dorothy **SORNBORGER**, Executrix of the Estate of Annie Miller Pope Newbold, Appellant,

v.

**DISTRICT DENTAL LABORATORY, INC., and Carl I. Sanderson, Jr.,** Appellees.

No. 14592.

United States Court of Appeals District of Columbia Circuit.

Argued March 24, 1959.

Decided April 30, 1959.

Mr. Leonard Braman, Washington, D. C., with whom Messrs. David G. Bress and Richard Arens, Washington, D. C., were on the brief, for appellant.

Mr. Frank J. Martell, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

The parties to this appeal have agreed on the following statement of the question before us, namely:

"Whether an act of negligence causing death can give rise simultaneously to two separate and independent claims, *viz.*, one under the Wrongful Death Act, § 16–1201, D.C.Code, and another under the Survival Act, § 12–101, D.C.Code, and whether, therefore, the District Court erred in denying plaintiff's motion to amend her complaint to include a demand for damages under the Survival Act over and above the initial demand for damages under the Wrongful Death Act on the sole ground that the remedies respectively provided by these statutes are mutually exclusive."

The question must be answered in the affirmative. See Hudson v. Lazarus, 1954, 95 U.S.App.D.C. 16, 217 F.2d 344; 2 Harper and James, Law of Torts § 24.2 (1956); Schumacher, Rights of Action Under Death and Survival Statutes, 23 Mich.L.Rev. 114 (1924). The District Court should not have denied amendment of the complaint on the ground stated. Difficulties may of course arise in the assessment of damages, if the case reaches that stage. But we do not know what the proof will show, or even whether the jury will find the defendants liable. Accordingly, we do not deem it appropriate here to discuss the subject of damages, other than to state our approval of what was said in the Hudson case, and to call the parties' attention to the authorities there cited.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

So ordered.