Preston **WHARTON** and Lacey Wharton, Administrators of the Estate of Denise Wharton, Deceased, Plaintiffs,

v.

Garland Louis **JONES**, Teresa Jones, Roger Santacrose, Defendants.

Civ. A. No. 2790–64.

United States District Court
D. Columbia.

May 31, 1968.

Edward G. Villalon and Bradley G. Mc-Donald, of McInnis, Wilson, Munson & Woods, Washington, D. C., for plaintiffs, Preston Wharton and Lacey Wharton as Administrators of the Estate of Denise Wharton, deceased.

Frank J. Martell, Galiher, Stewart & Clarke, Washington, D. C., for defendants, Garland Louis Jones and Teresa Jones.

Bond L. Holford, Holford & Caulfield, Washington, D. C., for defendant, Roger Santacrose.

## OPINION

MATTHEWS, District Judge.

A suit for damages for the wrongful death [1] of their minor child, Denise Wharton, has been filed by plaintiffs. They allege that while playing in the front yard of her home the child was injured due to the negligent operation of two automobiles, and that such injury resulted in the child's death. The injury and death occurred on May 23, 1964. Among other things the complaint recites that at the time of her death the child "was eight (8) years of age, in good health and in the possession of all her faculties and her parents were entitled to the services and support of the deceased and are entitled to funeral expenses incurred and have been damaged by her death as aforesaid in the sum of Twenty Thousand Dollars ($20,000.00)."

The matter now before the Court is a motion by plaintiffs to amend their complaint so as to add a claim under the Survival Act of the District of Columbia.[2] Opposition to the motion has been interposed by the defendants. They maintain that the motion to add such claim was not filed until more than three years after the child was injured, and hence that the claim is barred by the statute of limitations.[3]

It is insisted by plaintiffs that the amendment they seek should be permitted, that it would relate back to the beginning of the action and avoid the bar of the statute of limitations. Moreover, plaintiffs contend that the original complaint may be construed to embrace a claim under the Survival Act. However, the complaint itself does not support that contention.

The Survival Act permits the injured person's own claim to be enforced after his death by his legal representative. The Wrongful Death Act creates a new right of action, upon the death of the injured person, for the benefit of his next of kin.

An act of negligence causing death can give rise simultaneously to two

1. Section 16–2701, D.C.Code, 1967 Edition.

2. Section 12–101, D.C.Code, 1967 Edition. This section provides: "On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action survives in favor of or against the legal representative of the deceased. In tort actions for personal injuries, the right of action is limited to damages for physical injury, excluding pain and suffering resulting therefrom."

3. Section 12–301, D.C.Code, 1967 Edition.

separate and independent claims, viz., one under the Wrongful Death Act, and another under the Survival Act. Sornborger v. District Dental Laboratory, Inc., 105 U.S.App.D.C. 290, 266 F.2d 694. But the pendency of an action for personal injuries under the Survival Act does not toll the statute of limitations on a death claim. Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344. Neither does the pendency of the instant action for wrongful death toll the statute of limitations on a claim under the Survival Act.

Accordingly, the motion of plaintiffs to amend their complaint to include a demand for damages under the Survival Act over and above the initial demand for damages under the Wrongful Death Act should be denied. The attorneys for the defendants should submit a proposed order to carry into effect this ruling.