Oliver William STROTHER, Administrator of the Estate of Charles Strother, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 9815.

District of Columbia Court of Appeals.

Argued Jan. 21, 1976.

Decided April 29, 1977.

**1292** ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Patrick J. Moran, Washington, D. C., for appellant.

Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., entered an appearance for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

GALLAGHER, Associate Judge:

This action, brought under the Survival Act (D.C.Code 1973, § 12–101) and the Wrongful Death Act (D.C.Code 1973, §§ 16–2701 to –2703) is before us on appeal from the Civil Division of the Superior Court. The trial court granted defendant-appellee's motion to dismiss and thereafter denied plaintiff-appellant's motion for leave to file an amended complaint on the ground that appellant's claims were barred by the statute of limitations. We reverse and remand.

On November 16, 1973, appellant's father, a patient at D.C. General Hospital, died as a result of injuries allegedly caused by negligent acts and omissions of members of the hospital staff. Some six months later, on May 14, 1974, appellant commenced this action for damages by filing a complaint as plaintiff "Individually *and on behalf of the Estate of Charles Strother Deceased.*" [Emphasis added.] Although styled simply "Complaint for Wrongful Death," this pleading contained, in addition to brief factual allegations, citations to the Survival Act (D.C.Code 1973, § 12–101)[1] as well as the Wrongful Death Act (D.C.Code 1973, §§ 16–2701 to –2703)[2] as grounds for relief. At the time the original complaint was filed no letters of administration had issued.

Appellee's original answer stated that "plaintiff lacks standing to bring this action" and later, on March 7, 1975, this defense was reasserted in a motion to dismiss for failure to state a claim upon which relief can be granted. Super.Ct.Civ.R. 12(b)(6). The bases of the motion were (1) that more than one year had passed since the death occurred and appellant had not been officially designated as administrator of his father's estate, and (2) that, as a result, appellant had not complied with the one-year limitations provision of the Wrongful Death Act,[3] even though the complaint had been filed only six months after the death.

At a hearing on March 21, 1975, the trial court granted appellee's motion to dismiss with leave to file an amended complaint within 20 days. Three days later, on March 24, 1975, appellant received letters of administration from the Probate Division of the Superior Court. Thereafter, appellant tendered, within the time allotted by the court, a proposed amended complaint which reiterated in more detail the original Survival Act and Wrongful Death Act claims and, in addition stated that the action was brought by appellant "Individually *and in his Capacity as Administrator of the Estate of Charles Strother.*" [Emphasis added.] Appellant's motion for leave to file the amended complaint was denied after the trial court found that "if the proposed amended complaint were to be filed, the Court would be compelled to dismiss [it] on the ground of the statute of limitations, and that the filing of the amended complaint

---

1. D.C.Code 1973, § 12–101. Survival of rights of action

 On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action survives in favor of or against the *legal representative* of the deceased. In tort actions for personal injuries, the right of action is limited to damages for physical injury, excluding pain and suffering resulting therefrom. [Emphasis added.]

2. The relevant portions of the Wrongful Death Act are:

 D.C.Code 1973, § 16–2701. Liability; damages; prior recovery as precluding action

 When, by an injury done or happening within the limits of the District, the death of a person is caused by the wrongful act, neglect, or default of a person or corporation, and the act, neglect, or default is such as will,

 if death does not ensue, entitle the person injured . . . to maintain an action and recover damages, the person who or corporation that is liable if death does not ensue is liable to an action for damages for the death, notwithstanding the death of the person injured, even though the death is caused under circumstances that constitute a felony.

 . . . . .

 D.C.Code 1973, § 16–2702. Party plaintiff; statute of limitations

 An action pursuant to this chapter shall be brought by and in the name of the *personal representative* of the deceased person, and within *one year* after the death of the person injured. [Emphasis added.]

3. *See* note 2 *supra.*

would therefore be futile" because the amended complaint was tendered more than one year after the death involved. At the hearing, the trial court rejected appellant's contention that the amended complaint, alleging the changed capacity of the plaintiff, was timely under the "relation back" concept embodied in Super.Ct.Civ.R. 15(c).[4]

 We observe, as a preliminary matter, that the remedies provided by the Survival Act and the Wrongful Death Act are not mutually exclusive and may be pursued simultaneously. *Sornborger v. District Dental Laboratory, Inc.,* 105 U.S.App.D.C. 290, 266 F.2d 694 (1959).[5] Thus, in the District of Columbia, negligent conduct resulting in death may give rise to two independent claims: one under the Survival Act, which allows recovery of damages (excluding pain and suffering) arising from personal injury to the decedent, and another under the Wrongful Death Act which allows recovery for pecuniary loss to the decedent's next of kin (*e. g.,* loss of support) occasioned by the death. The Survival Act permits a claim which accrued to a decedent before his death to be enforced after his death by his "legal representative." On the other hand, the Wrongful Death Act creates a new cause of action which arises on the death of the decedent and is enforced by his "personal representative." D.C.Code 1973, § 16–2702.

### I. *The Survival Act Claim*

 Appellee's contention that appellant's original complaint did not include a claim under the Survival Act, D.C.Code

1973, § 12–101, is without foundation. Though the original complaint left much to be desired from the standpoint of form, it asserted that it was being brought under the Survival Act (among other statutory provisions) and, read as a whole, in light of the principles of notice pleading, it informed appellee of the existence of such a claim. *See* Super.Ct.Civ.R. 8(a).

Furthermore, appellee's contention that the Survival Act claim was void ab initio because appellant was without capacity to assert that cause of action is without merit. D.C.Code 1973, § 12–101 permits rights of action which accrued to a deceased person before his death to survive or to be pursued by that person's "legal representative." The underlying theory of appellee's position is that the Survival Act claim in the original complaint was a nullity because appellant was not yet administrator of his father's estate when the action was commenced. Thus, appellee asserts, essentially, that the term "legal representative" is synonymous with "personal representative" and that since appellant was not the decedent's personal representative at the time of the filing of the original complaint, the survival claim is barred by the statute of limitations. We believe that neither of these contentions is correct.

 First, appellee's narrow interpretation of the term "legal representative" is contrary to the law of this jurisdiction. *Thomas v. Doyle,* 88 U.S.App.D.C. 95, 187 F.2d 207 (1950). That decision holds that a legal representative under the Survival Act

---

4. Super.Ct.Civ.R. 15(c) provides in pertinent part:

 Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in main-

taining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

. . . . .

5. While certain factors (*e. g.,* projected future income of the decedent) may be relevant to damages under both the Survival Act and the Wrongful Death Act, "double recovery for the same elements of damage [are to] be avoided." *See Hudson v. Lazarus,* 95 U.S.App.D.C. 16, 21, 217 F.2d 344, 349 (1954). See *Runyon v. District of Columbia,* 150 U.S.App.D.C. 228, 463 F.2d 1319 (1972), for an analysis of some aspects of the double recovery problem.

may be any person who, whether by virtue of testamentary act or operation of law, stands in the place of the decedent with respect to his property,[6] and that Congress did not intend to restrict the right to bring a survival action to duly appointed personal representatives, i. e., executors or administrators.[7] Hence, as an heir-at-law, appellant was a proper party to sue on the Survival Act claim at the time of the filing of the original complaint, although he had not then been qualified as administrator of his father's estate. *Thomas v. Doyle, supra,* at 98, 187 F.2d at 210. Moreover, even at the time the amended complaint was tendered, the Survival Act claim was timely since it was filed within three years after the decedent would have had a claim if he had lived. D.C.Code 1973, § 12–301(8).[8]

## II. *The Wrongful Death Act Claim*

We turn now to the issue of whether appellant's amendment seeking to reflect a change in the capacity in which he was suing under the Wrongful Death Act relates back under Super.Ct.Civ.R. 15(c) to the filing of the original complaint.

The trial court, in denying leave to amend, relied principally upon three decisions in this jurisdiction: *Paris v. Braden,*

98 U.S.App.D.C. 219, 234 F.2d 40 (1956); *Harris v. Embrey,* 70 App.D.C. 232, 105 F.2d 111 (1939); and *Fleming v. Capital Traction Co.,* 40 App.D.C. 489 (1913). These cases are not controlling here, however, for in none of them did the court have before it the factor of the relation back of amendments under Rule 15(c), so far as it appears.[9] The earlier two cases simply hold that a wrongful death action must fail if not brought by decedent's personal representative.[10] The latest of those cases, *Paris v. Braden,* held that the plaintiffs, who were surviving children, but not appointed executors or administrators of the decedent, were not personal representatives within the meaning of the Wrongful Death Act. The court also found no abuse of discretion in a denial by the trial court of an application by the plaintiffs for additional time to qualify as personal representatives; but the latter point was disposed of without discussion in a single sentence, and the applicability of the relation back doctrine was not considered.

Appellant argues that because no new or different cause of action has been introduced and defendant was put on notice that he might have to defend such a claim, reason and our rules of procedure [11] require

---

6. The concept embraced by the term "legal representative" is not, however, without limit. For example, non-heirs, who are beneficiaries under a will are not legal representatives for the purposes of the survival statute until probate is had and their rights have ripened. *Norris v. Harrison,* 91 U.S.App.D.C. 103, 105 n. 3, 198 F.2d 953, 954 n. 3 (1952).

7. The phrase "personal representative" as used in the Wrongful Death Act, D.C.Code 1973, § 16–2702, is more restrictive and refers only to an officially appointed administrator or executor. *Fleming v. Capital Traction Co.,* 40 App. D.C. 489 (1913); *Southern Ry. Co. v. Hawkins,* 35 App.D.C. 313 (1910). *See also Thomas v. Doyle, supra,* 88 U.S.App.D.C. at 97, 187 F.2d at 209.

8. The Survival Act does not contain a time limitation. Accordingly, the three year statute of limitations (D.C.Code 1973, § 12–301(8)), generally applicable to tort claims, applies. *See Emmett v. Eastern Dispensary & Cas. Hosp.,* 130 U.S.App.D.C. 50, 52 & n. 4, 396 F.2d 931, 933 & n. 4 (1967); *Wharton v. Jones,* 285 F.Supp. 634 (D.D.C.1968).

9. *Fleming v. Capital Traction Co., supra,* was of course decided long before Rule 15(c) was promulgated.

10. The term "personal representative" as used in the Wrongful Death Act is limited to qualified executors and administrators. *See note 7 supra.* However, a personal representative who brings an action under the Wrongful Death Act is a nominal party only and does not act in his capacity as executor or administrator. Damages recovered for wrongful death are not assets of the decedent's estate and (except for expenses of last illness and burial) may not be appropriated to payment of debts or liabilities of the decedent. Rather, any amount recovered inures to the benefit of the decedent's next of kin, and the personal representative acts only as a trustee on behalf of the decedent's family. *Southern Ry. Co. v. Hawkins, supra;* D.C.Code 1973, § 16–2703.

11. Appellant relies upon Super.Ct.Civ.R. 15 and 17.

that he be allowed to amend his original complaint.

On the other hand, appellee, relying on several state cases,[12] argues that because appellant was not appointed administrator of the estate until after the expiration of the one-year statute of limitations, the filing of the original complaint was void ab initio due to appellant's lack of capacity to sue. He further argues that if the original complaint was void, there is nothing to which an amendment could relate back.[13]

While there is a split of authority on the issue of whether amendments seeking to change the capacity in which a plaintiff is suing relate back to the original filing,[14] federal courts and state courts which have adopted the substance of Fed.R. Civ.P. 15(c)[15] have interpreted the rule as permitting relation back. *E.g., Longbottom v. Swaby*, 397 F.2d 45 (5th Cir. 1968); *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir. 1967); *Russell v. New Amsterdam Casualty Co.*, 303 F.2d 674 (8th Cir. 1962); *Atlanta Newspapers, Inc. v. Shaw*, 123 Ga.App. 848, 182 S.E.2d 683 (1971); *Gogan v. Jones*, 197 Tenn. 436, 273 S.W.2d 700 (1954). These cases have found that there is no substantial prejudice to the defendant because "there is no change in the parties before the court [and] all parties are on notice of the facts out of which the claim arose." Moore's Federal Practice ¶ 15.15[4.–1] (1974). We think this reasoning is sound.

Rule 15 seeks to ensure that litigation be decided upon the merits rather than upon technical pleading rules. *See generally* Moore's, *supra* at ¶ 15.02[1]. Thus, subsection (c) of the rule allows a plaintiff (or defendant) to amend his pleadings after the running of the statute of limitations "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". The rationale behind the rule is that if, within the statute of limitations, the defendant was put on notice that the plaintiff was attempting to enforce a claim against him because of a certain occurrence or event, then there is no cognizable prejudice to the defendant when, after the running of the limitations period, plaintiff is allowed to amend the complaint to reassert the claim that was deficiently stated the

---

12. *E. g., Richard v. Slate*, 239 Or. 164, 396 P.2d 900 (1964) (en banc); *Schilling v. Chicago, N.S. & M. R.R.*, 245 Wis. 173, 13 N.W.2d 594 (1944).

13. As additional support for his position appellee notes the proposition that a time limitation that is an integral part of a substantive statute which creates a right unknown at common law imposes a limitation on the right as well as the remedy and that "the right ordinarily would expire if not pursued within the time permitted by its creating statute." *Young v. United States*, 87 U.S.App.D.C. 145, 146, 184 F.2d 587, 588 (1950). *See also Earll v. Searl*, D.C.Mun. App., 101 A.2d 248 (1953), *rev'd on other grounds*, 95 U.S.App.D.C. 151, 221 F.2d 24 (1954). This is a correct statement of the law and we have no quarrel with appellee that the time limit for bringing a wrongful death action in the District of Columbia is a part of the right of action itself. *Young v. United States, supra*. We conclude, however, that this is not dispositive of the issue before us, *viz.*, whether the filing of the complaint was void ab initio and whether the amendment can relate back to the original filing.

Several courts have found that the time limitation included in the limitations section of the Federal Employee's Liability Act of 1908 (FELA), 45 U.S.C. §§ 51–60, is a limitation on the right as well as the remedy. *E. g., Dixon v. Martin*, 260 F.2d 809 (5th Cir. 1958). Yet the Supreme Court in *Missouri, K & T Ry. v. Wulf*, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913), held that in a suit brought under FELA, an amendment changing the capacity in which the plaintiff was suing related back to the original filing of the complaint despite the running of the statute of limitations. *See* discussion of *Wulf, infra*. We fail to see a compelling reason why a period of limitations should have a controlling effect if found in the substantive statute but not if located in a general statute of limitations, especially when a relation back issue is involved.

14. *Compare, e. g., Richard v. Slate, supra, with Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir. 1967).

15. Super.Ct.Civ.R. 15(c) is an adoption without modification of the corresponding federal rule and as such is to be given the same meaning. *Campbell v. United States*, D.C.App., 295 A.2d 498 (1972).

first time. *See, e. g., Tiller v. Atlantic Coast Line,* 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945); C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1497 (1971).

Although Rule 15(c) does not specifically address itself to amendments changing the capacity in which a *plaintiff* is suing, by an amendment in 1966 there was provided a formula for determination of when an amendment changing the party against whom a claim is asserted will relate back to the filing of the original complaint. Relation back is allowed whenever the party "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for the mistake concerning the identity of the proper party, the action would have been brought against him." The major concern in this test is that of adequate notice to the defendant that the claim is being asserted. The Committee Notes on the amendment to the federal rule state that "the attitude taken in revised Rule 15(c) toward change of *defendants* extends by analogy to amendments changing plaintiffs." [Emphasis added.][16] It is only sensible that it should extend also to amendments changing the capacity in which a plaintiff is suing. In the case before us the defendants were on notice that they would have to defend a claim arising out of the death of appellant's father. *See generally Link Aviation, Inc. v. Downs,* 117 U.S.App.D.C. 40, 325 F.2d 613 (1963) (allowing relation back of amendment changing plaintiff even before the 1966 amendment when the defendant was put on notice as to the nature of the claim against him.) Consequently, it is our view that this case presents circumstances in which the relation back doctrine should, in reason, be applied.[17]

We note that even before the adoption of the Federal Rules of Civil Procedure and our adoption of Rule 15(c), the Supreme Court held, under circumstances similar to those before us, that an amendment to change the capacity in which a plaintiff sues ought to relate back to the original filing. *Missouri, Kansas & Texas Ry. v. Wulf,* 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913) (*see* note 13 *supra* ). *Wulf* involved an action brought under the Federal Employee's Liability Act of 1908 (FELA), 45 U.S.C. §§ 51–60 (1970), which like our wrongful death statute, requires an action to be brought both in the name of the personal representative of the decedent for the benefit of the next of kin[18] and within a specified period after the date the cause of action accrued.[19] The plaintiff, a sole surviving parent, originally sued in her individual capacity in the trial court, relying upon Kansas law, and after the limitation period had expired she received an appointment as administratrix of her deceased son's estate and tendered an amended complaint with a claim under the FELA. The defendant argued, *inter alia,* that the amended petition set up an entirely new

---

**16.** Fed.R.Civ.P. 15(c), Committee Notes to 1966 Amendments.

**17.** *See also* Super.Ct.Civ.R. 17(a) which provides in pertinent part:

Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The fact that the rule allows the real party in interest to be substituted for the original party and that the substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest", indicates a rationale similar to that in Rule 15(c): if within the statute of limitations the defendant has been put on notice that he will have to defend an asserted claim, that claim should be decided on the merits rather than on technical pleading rules. *See Crowder v. Gordons Transports, Inc., supra.*

**18.** 45 U.S.C. § 51 (1970).

**19.** At the time of *Wulf* the statutory period was two years; it is now three years. 45 U.S.C. § 56 (1970).

and distinct action which could not relate back to the original complaint. The Supreme Court found that aside from the changed capacity in which the plaintiff brought the suit, the amended complaint was essentially the same as the original complaint and that it was not the

> equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by § 6 of the employers' liability act. The change was in form rather than in substance. [Citation omitted.] It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit. [Citations omitted.] [226 U.S. at 576, 33 S.Ct. at 137.]

Both Rule 15(c) and *Wulf, supra,* require that because there was no new or different cause of action introduced in the tendered amended complaint and because the cause of action in the amended complaint arose out of the same conduct set forth in the original complaint, the tendered amendment should be accepted by the trial court and such amendment will relate back to the date of the original pleading.

*Reversed and remanded for further proceedings.*