# SMITH *v.* CISSEL.*

### DAMAGES; DEATH BY WRONGFUL ACT; NEGLIGENCE.

In an action to recover damages for the alleged negligent killing of his intestate, a child between eight and nine years of age, the father, as administrator, is entitled to recover more than nominal damages; construing the act of Congress of February 13, 1885 (23 Stat. at L. 302, chap. 58) ; and an instruction to the jury in such a case is not erroneous when to the effect that, if they find for the plaintiff, they will allow him only a fair compensation for the value of the services of the child as shown during her minority, by taking into consideration the age, the health of the deceased, her capacity for labor, and the probability of her living to the age of majority, less the usual and reasonable expenses of caring for her and rearing his said daughter, but in no event shall they allow damages to the plaintiff for wounded feelings and sorrow in consequence of the death of his daughter, or on account of the suffering, mentally or physically, of his daughter by reason of the accident.

No. 1299.     Submitted May 15, 1903.     Decided June 25, 1903.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia upon the verdict of the jury in an action by an administrator to recover damages for the alleged negligent killing of his intestate, an infant.

*Affirmed.*

*Mr. S. T. Thomas* for the appellant Thomas W. Smith.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the appellant the District of Columbia.

*Mr. John R. Shields* and *Mr. John C. Gittings* for the appellee.

*\*Damages—Death.*—As to measure of damages for death by wrongful act, see the presentation of authorities relating to that subject, including damages to parent for death of child, in editorial note to *Morgan* v. *Southern P. Co.* 17 L. R. A. 71.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal from the judgment of the supreme court of the District of Columbia, in a case brought by the appellee, as administrator of Maisie S. Cissel, deceased, against the appellants, to recover damages for the alleged causing the death of the intestate of the appellee.

The case is substantially the same as that of Lizzie Davis, by her next friend, George A. Davis, v. the appellants, just decided by this court, [*ante,* p. 298] the cause of both cases growing out of, and being dependent upon, the same state of facts. The same accident, the falling of a piece of timber, which inflicted the injury upon Lizzie Davis, inflicted an injury that caused the death of Maisie S. Cissel, the latter being a child of about between eight and nine years old, at the time of the accident. The facts in the case of Lizzie Davis being exactly the same as in the present case, the questions of law are the same, with the addition or exception that the injury inflicted upon Maisie Cissel resulted in death, and the action is by her father as administrator to recover for her death; and the question is made as to the extent of his right, as administrator, to recover under the act of Congress of February 13, 1885 (23 Stat. at L. 309, chap. 58), for the benefit of her next of kin. The right of the plaintiff to recover, and the extent thereof, were much restricted within the bounds of decided cases, as defined by the court below, in granting the ninth and twelfth prayers offered by the defendant Smith, and by the seventh prayer as modified, and the twelfth prayer offered by the District of Columbia.* These instructions left nothing

---

*Following are the prayers referred to in the opinion:

Ninth and twelfth prayers granted on behalf of the appellant Smith:

"9. Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, of doing what such person would not have done; and the jury are therefore instructed that the plaintiff's intestate was bound to exercise such care and prudence to avoid the injury complained of as might be reasonably expected of a girl of her age and capacity, and in determining this question the jury may take into consideration the fact that the plaintiff's intestate was about the age of eight years at the time of the accident, and if the jury believe from the evidence that the plaintiff's intestate, at the time she received the injuries complained of, failed to exercise ordinary care and prudence, as herein-

more favorable to which the defendants were entitled. The case was fully submitted to the jury upon propositions made by the defendants. The question as to the right of the plaintiff, as administrator of the deceased, to recover more than mere nominal damages, according to the contention of the defendants, has been considered and decided by this court, at the present term, in the case of *United States Electric Lighting Co.* v. *Sullivan, ante,* p. 115, and it is unnecessary to go over the ground again.

The case of Davis against the appellants is in all respects the same as the present, with the exception just mentioned, and that case is conclusive of this; and upon the authority of that case we affirm the judgment in the present case.

*Judgment affirmed.*

before defined, then the plaintiff cannot recover damages, and their verdict should be for the defendants."

"12. If the jury find for the plaintiff in any sum, then they will allow him only a fair compensation for the value of the services of his daughter, as shown during her minority, by taking into consideration the age, the health of the deceased, her capacity for labor, and the probability of her living to the age of majority, less the usual and reasonable expenses of caring for and rearing his said daughter; but in no event shall the jury allow damages to the plaintiff for wounded feelings and sorrow in consequence of the death of his daughter, or on account of the suffering, mental or physical, of his daughter, by reason of the accident."

Seventh prayer of the appellant, the District of Columbia, granted as modified [the modification consisting of striking out the words in brackets] and the twelfth prayer granted on behalf of the District:

"7. The jury are instructed that the burden of proof is upon the plaintiff to show affirmatively, by a preponderance of the evidence in this case, that the accident whereby his daughter was killed was the result of negligence on the part of the defendants, as set forth in the declaration; and if such negligence is not shown by such preponderance of evidence, then the plaintiff is not entitled to recover, and the verdict should be for the defendants; [and the jury are further instructed that they are not at liberty to find the defendants guilty of negligence and liable for damages from the mere happening of the accident by which the plaintiff's intestate was injured.]"

"12. The jury are instructed that the burden of proof of the negligence of the defendants remains upon the plaintiff throughout the case, and the burden of proof is not shifted from the plaintiff to the defendants by any presumption of negligence which may arise from the facts shown in the evidence; and the jury should, therefore, consider any such presumption of negligence merely on the question whether the plaintiff has or has not met the burden of proof."