ÆTNA LIFE INS. CO. et al. v. MOSES.
No. 5358.

Court of Appeals of District of Columbia.
Argued Feb. 8, 1932.
Decided March 7, 1932.

12]) was insured by Ætna Life Insurance Company against liability for the payment of compensation to employees or their dependents; that one Henry Roberts was employed by Bralove as a laborer, and, while in the performance of his work, was killed through the negligence of Samuel D. Moses, defendant, a subcontractor on the work; that the widow of Roberts filed claim under the Compensation Act, and an award was made to her by the commissioner; that Ætna Company has paid and will be required to pay the amounts covered by the award, and, because of this and a provision of the insurance policy and likewise a provision of the act, it was subrogated to all rights of Bralove, the employer, and the persons entitled to compensation.

In the declaration the parties plaintiff are stated as "Ætna Life Insurance Company, a corporation doing business in the District of Columbia, in its own right, and also to the use of Anna Roberts, in her own right, and as administratrix of the estate of Henry Roberts, deceased, and Harry M. Bralove, an individual, to the use of Ætna Life Insurance Company, a corporation."

The single question which we have to decide is, Was there a misjoinder of parties plaintiff in the declaration? or, expressed otherwise, Who are proper parties plaintiff, or use plaintiff, in an action brought against a third party wrongdoer under the facts shown in the declaration?

The District of Columbia Workmen's Compensation Act (USCA tit. 33) provides in section 909: "If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following: * * * (b) If there be a surviving wife * * * and no child of the deceased under the age of eighteen years [as was found to be the case here], to such wife * * * 35 per centum of the average wages of the deceased, during widowhood * * * with two years' compensation in one sum upon remarriage. * * * "

Section 914 (m) provides: "The total compensation payable under this chapter for injury or death shall in no event exceed the sum of $7,500."

Section 932 provides that the employer shall secure the payment of compensation to his employees "by insuring and keeping insured the payment of such compensation with any stock company or mutual company

Charles W. Arth and Leonard J. Ganse, both of Washington, D. C., for appellants.

Charles W. Darr, Sefton Darr, H. Clay Espey, and George Monk, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from an order sustaining a motion of the defendant below, appellee, to strike the declaration of the plaintiffs, appellants. We shall speak of the parties as plaintiffs and defendant.

The declaration alleged that one Bralove, as general contractor, was engaged in the construction of a building in Washington, and, pursuant to the provisions of the Workmen's Compensation Act (Act March 4, 1927, c. 509, 44 Stat. 1424 [33 USCA § 901 et seq.]; Act May 17, 1928, c. 612, 45 Stat. 600 [D. C. Code 1929, T. 19, §§ 11,

or association, or with any other person or fund. * * * "

And section 933, which relates to compensation for injuries where third persons are liable, is as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election. * * *

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows"—the employer shall retain, the expenses incurred in the proceedings; the cost of all benefits furnished the employee; all amounts paid as compensation, and the present value of all amounts payable as compensation; and everything in excess shall be paid to the person entitled to compensation or to his personal representative.

Subsections (f) and (g) of section 933 provide that, if the person entitled to compensation or the representative elects to bring an action for damages against such third person and receives, or compromises, with the approval of the employer, for less than the amount of compensation which would have been paid except for such election, the employer must pay the difference.

There is a still further provision (section 935) to the effect that notice to the employer shall be notice to the insurance carrier, and the jurisdiction by the commissioner or court of the employer shall carry with it jurisdiction of the carrier, and the finding of the commissioner shall be binding on the carrier equally with the employer.

The policy of insurance contains a provision subrogating the company, to the extent of any payments made by it, to all rights of recovery vested by law either in the employer or in any employee or his dependents against third persons, etc.

The trial court was of opinion that there was a misjoinder of parties plaintiff and that the proper party plaintiff was the "administratrix to the use of the employer."

We think the action should have been brought by the administratrix in accordance with the provisions of chapter 45 of the D. C. Code (1924, § 1302, tit. 21, § 2, D. C. Code 1929).

As we have already seen, the declaration names as parties Ætna Company, the insurer, in its own right and to the use of Mrs. Roberts, the widow, in her own right and as administratrix of deceased, and Bralove, the employer, to the use of Ætna Company, and it is insisted that this is a proper and logical arrangement of the parties plaintiff, because the Ætna has paid the widow, who is solely entitled to death benefits under the act, and her acceptance of payment has transferred her right of action to Bralove by the terms of the act, but, since Bralove himself has paid nothing, he has no cause of action on which to sue, and the purposes of the act would be thwarted unless his rights passed to the Ætna Company as his insurer. But this contention overlooks the well-established rule of the common law which governs in the District of Columbia, under which neither Ætna nor Bralove nor the widow in her own right is a proper legal plaintiff without specific statutory authority. Glenn v. Marbury, 145 U. S. 499, 509, 12 S. Ct. 914, 36 L. Ed. 790. There is no general statute in the District of Columbia changing the common law in this respect.

It is necessary therefore, to turn to the statute, the Compensation Act, to ascertain whether, when compensation is paid or to be paid in a death case, the liability of the third person tort-feasor is not only continued in force for the benefit of the employer but whether the statute also confers a new right or privilege by virtue of which the employer may assert the claim in his own name. The statute, as we have seen, provides acceptance of compensation "shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person," and such employer "may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding." Obviously these provisions place upon the injured employee the duty of determining either to receive the compensation or to pursue his common-law

remedy against the third person liable for his injuries, and, if he elects to receive the compensation, the effect is to transfer his cause of action to his employer. In the latter case the employer's rights would be analogous to those of an insurance company to sue the one who has caused the damage where it has paid the loss for which it is liable under its policy. If there is any difference, it arises out of the fact that the right of subrogation in the case of the insurance company grows out of the nature of the contract of indemnity and in the case of the employer by the terms of the act, but in either case, as we think, the action under the rules of the common law should be asserted in the name of the party injured. See St. Louis, I. M. & S. R. Co. v. Commercial Insurance Co., 139 U. S. 223, 235, 11 S. Ct. 554, 35 L. Ed. 154.

But the case instanced is that of an election by the injured person himself. If, instead of injury, death results through the negligence of a third person, a new cause of action nonexistent at common law is created by the provisions of the wrongful death statute (section 1301, D. C. Code 1924, tit. 21, § 1, D. C. Code 1929) in favor of the widow and next of kin of such deceased person, but it must be brought in the name of the personal representative within a year of the death of the deceased, and there is nothing in the Compensation Act which abrogates or limits the rights conferred by this statute, but, on the contrary, it specifically provides if "the representative"— meaning personal representative—elects to recover damages he may do so just as fully and in the same way as if no Compensation Act were in existence. On the other hand, if, on account of death for which compensation is payable, the person entitled to such compensation accepts compensation, such acceptance shall operate as an assignment to the employer of the right of the person "entitled to compensation" to recover damages against a third person tort-feasor, and the employer "on account of such assignment may institute proceedings for the recovery of damages." The effect of the act, therefore, as we view it, is to cause the acceptance of payment of compensation to operate as an assignment of the right of the person entitled to compensation to recover damages against such third person. The Compensation Act in this way creates a valid assignment, but no new or different right, for the right which is assigned is to prosecute an action under the wrongful death statute, and that right remains the same and exists by virtue of that statute alone, and, as section 1302 of the District Code (1924) provides that every action brought under it shall be brought in the name of the personal representative, and, as we held in Fleming v. Capital Traction Co., 40 App. D. C. 489, no other person may bring the action, we think it is perfectly clear that there was a misjoinder of parties plaintiff in the bringing of the action.

It is quite true that the contrary of this has been held by a number of state courts in construing the provisions of state compensation laws, but in every case which has come to our attention the act itself made provision accordingly. Typical of these cases is Silvia v. Scotten, 2 W. W. Harr. (32 Del.) 295, 122 A. 513, 516. There the Supreme Court of Delaware, in answer to the query to which we have addressed ourselves, said: "It thus appearing that the employer is in exclusive possession of the claim for damages against the third person tort-feasor, the next question is, How must he assert the claim? The statute in section 131 answers this question. It provides that he 'may recover in his own name, or that of the injured employee.'" Similar language is found in the California statute. Massachusetts Bonding & Insurance Co. v. Railways, 39 Cal. App. 388, 178 P. 974. See, also, Hall v. Henry Thayer & Co., 225 Mass. 151, 113 N. E. 644.

But the statute in the District of Columbia does not so provide, it makes the acceptance of compensation to operate as an assignment, but it confers no new right or privilege changing the common-law rule as to the manner in which the assignment may be enforced. In the case of an injured employee, the assignment is made to embrace "all right" of the injured person. In the case of an injury resulting in death, the assignment embraces "all right of the person entitled to compensation." Whether Congress meant by the language last quoted to confine the assignment to the distributive share of the recovery to which the person receiving compensation under the act would be entitled, or to give a right to complete indemnity in the entire recovery, as by the subsequent section is implied, we are not now called upon to decide. It is sufficient for present purposes to hold, as we do, that the act itself concerns primarily employer and employee. Its purpose is to adjust and fix their mutual rights and obligations, and, as incident to this, to preserve, in the case

of a third party, the right to proceed against him for a tortious act. Such proceeding may be by the injured himself unaffected by the act, but, if he elects to accept compensation, the act, by its terms, preserves his right for the benefit or indemnity of his employer, but in such case the employer must, under the rule of the common law, assert it in the employee's name. If the injury results in death, the beneficiaries under the act may refuse compensation and look primarily to the third party wrongdoer, or, instead, they may accept it and thus, as the act provides, transfer their right to the employer, but, in either case, the recovery must be sought as the statute creating the right directs.

Affirmed.