CIARROCCHI
v.
JAMES KANE CO. et al.
No. 5–51.

United States District Court
District of Columbia.

Nov. 27, 1953.

men's and Harbor Workers' Compensation Act,[1] made applicable to the District of Columbia as a workmen's compensation act.[2]

Defendant has moved to dismiss on two grounds: (1) There is no action at common law for injuries resulting from death. (2) The remedy provided in the Longshoremen's and Harbor Workers' Compensation Act is exclusive as against the employer.

To sustain her right to commence this type of action, plaintiff relies upon the law enunciated in Hitaffer v. Argonne Co., 1950, 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, and reasonable inferences therefrom. The Hitaffer case stands for two propositions: (1) A wife has a cause of action for loss of consortium due to a negligent injury to her husband and (2) The exclusive liability provision of the Longshoremen's and Harbor Workers' Compensation Act is between the employer and the injured employee or anyone suing in the employee's right and does not proscribe a third person's cause of action for the breach of some independent duty owed that person by the employer. But the Hitaffer case is inapplicable to the facts here.

The present case would be the Hitaffer case precisely, except that here the husband died as a result of the accident. Defendants maintain that *any* action for injuries resulting from death must be brought under the Wrongful Death Act.[3] This Act limits the right to such action to the personal representative of the decedent, and with respect to the damages recoverable, provides that they "be assessed with reference to the injury resulting from such act, neglect, or default causing such death, to the spouse and next of kin of such deceased person * * *." It has been said that in the District of Columbia the amount recoverable is limited to pecuniary losses,[4] which include the value of the lost earn-

Harry E. Taylor, Jr., Washington, D. C., for plaintiff.

Robert E. Anderson, John Daily, Washington, D. C., for defendants.

---

YOUNGDAHL, District Judge.

Plaintiff's action, brought in her individual capacity, is to recover for loss of consortium with her husband who was killed while acting in the cause and scope of his employment with defendant James Kane Company, a subcontractor. Defendant Standard Construction Company was the general contractor on the job site where plaintiff's husband was killed. As a consequence of her husband's death, plaintiff is receiving payments as provided in the Longshore-

---

1. 33 U.S.C.A. § 901 et seq.

2. 36 D.C.Code § 501 et seq. (1951).

3. 16 D.C.Code § 1201 (1951).

4. Tate v. Nelson, D.C.1947, 71 F.Supp. 465, 468; Smith v. Cissel, 22 App.D.C. 318, 320 (1903).

ings and of the personal service and attention which would have been of material value to the members of the family, and not the loss of society and companionship. Because damages in an action by wrongful death are limited to pecuniary loss, plaintiff claims to be fortified in her position that the Hitaffer case established an action for loss of consortium which is separate from any action the personal representative may maintain under the Act. In the Court's opinion, this contention cannot be sustained.

■■ At common law, a wife has no right of action for loss of consortium or other injury on account of the *death* of her husband by wrongful act.[5] The Hitaffer case only gave her a right of action for loss of consortium in case of *injury*. That no civil action can be maintained at common law for wrongful *death* is noted by a statement in the leading case of Michigan Central Railroad Co. v. Vreeland, 1913, 227 U.S. 59, 67, 33 S.Ct. 192, 195, 57 L.Ed. 417, that, "Nothing is better settled than that, at common law, the right of action for an injury to the person is extinguished by the death of the party injured." The doctrine has been considered as derivative of: the common-law maxim, "a personal right of action dies with the person"; a human life cannot be evaluated in terms of money; and, where a wrongful death is merged with a felony, the civil wrong is merged with the crime. However open the doctrine may be to criticism,[6] its existence and rigidity may not now be questioned.[7]

Any remedy had to be by statute. Briefly, the right of action to recover damages for wrongful death was first given in 1846 by Lord Campbell's Act.[8]

The Act provided for bringing of a death action, by and in the name of the executor or administrator, where the person injured could have recovered himself if he had survived. And, as regards the amount recoverable, it provided, "* * in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought". Lord Campbell's Act has since been adopted in every state, with more or less change with respect to the persons to be benefited, the parties in whose name the action shall be brought, and the measure of damages to be recovered. The District of Columbia's death by wrongful act statute, patterned after Lord Campbell's Act, was enacted in 1885.

■ Plaintiff admits that there was no survival at common law of a personal injury action for the benefit of the injured party's estate, but contends that the remedy of this inequity was not meant to bar actions where an independent duty was owed to a person other than the deceased. It is clear, however, that the common-law prohibition is complete and is not limited to an action by one in behalf of the deceased for those damages which he could have recovered had he lived.

■ The caution of a court presided over by Lord Campbell in Blake v. Midland R. Co., [1852] 10 Q.B. 93, 118 Eng. Reprint 35, is an indication that Lord Campbell's Act introduced a new and sole ground of recovery for injuries resulting from death. The Court said: "There may be a calculation of the pecuniary loss sustained by the different members of the family from the death

5. The doctrine was established in 1606. Higgins v. Butcher [1606]. Yelv. 89, 80 Eng.Reprint 61.

6. See, Prosser, Torts Sec. 103 at p. 955 (1941); 16 Am.Jur., Death Sec. 48 (1938); Holdsworth, "A History of the English Law", Vol. 3, pp. 333–336, pp. 676–677 (6th Rev.Ed.1938).

7. Van Beeck v. Sabine Towing Co., 1921, 300 U.S. 342, 344, 57 S.Ct. 452, 81 L.Ed. 685; Michigan Central Railroad Co. v. Vreeland, supra; Aetna Life Ins. Co. v. Moses, 1932, 61 App.D.C. 74, 77, 57 F.2d 440, 443; U. S. Electric Lighting Co. v. Sullivan, 1903, 22 App.D.C. 115, 130.

8. 9 & 10 Vict. c. 93.

of one of them: but, if the jury were to proceed to estimate the respective degrees of mental anguish of a widow and twelve children from the death of the father of the family, a serious danger might rise of damages being given to the ruin of the defendants".[9] There are now a number of courts which allow recovery for non-pecuniary damages, including recovery for loss of the husband's society.[10] Yet it is certain that recovery, if it is to be had at all, must be under statute.

The Hitaffer case [87 U.S.App.D.C. 57, 183 F.2d 819] rejected what it considered "the specious and fallacious reasoning" of cases denying the wife right to sue for loss of consortium because of *injury* to her husband and adopted a rule giving a wife an enforceable right in the marriage relation equal to that of the husband. However, the reasons for the common-law prohibition of actions after death are not the same as that of the doctrine which denies the wife right to sue for loss of consortium. Also, the prohibition of *any* wrongful death action at common law puts all persons under equal disability.

■ The result of plaintiff's argument would allow for two actions after death—one at common law and the other under the Wrongful Death Act, as well as possible recovery under the Longshoremen's and Harbor Workers' Compensation Act. Such a multiplicity of actions was never intended nor should it be encouraged. In Webster v. Clodfelter, 1942, 76 U.S.App.D.C. 171, 174, 130 F.2d 434, 437, 143 A.L.R. 280, the Court said, "Congress did not intend to create two separate and independent causes of action for wrongful death, one under the Wrongful Death Statute * * the other under the Compensation Act * * *. Notwithstanding the earnest argument to the contrary, there is only one cause of action for wrongful death, not two. * * *"

■ Recent amendments to the Wrongful Death Act in the District of Columbia are evidence of the trend to more lenient provisions.[11] Though the present state of the law does not provide recovery for non-pecuniary losses, this result, if desirable, will probably occur. The Hitaffer case only *extended* the right of action at common law for injuries due to loss of consortium, to a wife for an *injury* to her husband. That liberalization of the common-law right of action did not in any way change or affect the action for damages because of death by wrongful act. The death action, being in derogation of the common law, cannot be liberalized by judicial construction, but must be done by statute. To do otherwise would be to legislate by historical distortion.

Defendant's motion to dismiss is granted and the appropriate order will be entered.[12]

9. See, Seward v. Vera Cruz L.R., 10 App. Cas. 59, 67 (cited in U. S. Electric Lighting Co. v. Sullivan, note 7 supra, 22 App. D.C. at page 131), where Lord Chancellor Selborne said, this Act "gives a new cause of action clearly, and does not merely remove the operation of the maxim, 'actio personalis moritur cum persona', because the action is given in substance not to the person representing, in point of estate, the deceased man, who would naturally represent him as to all his own rights of action which could survive, but to his wife and children, no doubt suing in point of form in the name of his executor."

10. See, McCormick, Damages, Death of the Head of the Family, Sec. 99, n. 64 (1935); 74 A.L.R. 11 (1931); 16 Am.Jur., Death, Sec. 177 (1938).

11. See, "Recent Statutes, Affecting Wrongful Death, The Survival of Actions, And A Survivor's Testimony in The District of Columbia", 37 Geo.L.J. 418 (1949).

12. This same conclusion was recently reached by another Judge of this Court in O'Neil v. Shelton Brothers Trucking Co., Inc., D.C., 116 F.Supp. 652.