**COLE, RAYWID & BRAVERMAN, et al., Appellants,**

v.

**QUADRANGLE DEVELOPMENT CORPORATION, et al., Appellees.**

**No. 80–1218.**

District of Columbia Court of Appeals.

Argued Oct. 29, 1981.

Decided April 21, 1982.

---

Frederick B. Abramson, with whom William E. Nelson and Sherlee S. Nelson, Washington, D. C., were on brief, for appellants.

Dennis A. Davison, Washington, D. C., with whom Howard V. Sinclair, Washington, D. C., and Brian C. Shevlin, Fairfax, Va., were on brief, for appellee Quadrangle Development Corp.

Alan R. Siciliano, with whom David A. Levin, Landover, Md., was on brief, for appellee Otis Elevator Co.

William J. Carter, with whom Edward J. Lopata and Edgar T. Bellinger, Washington, D. C., were on brief, for appellee Salus Corp.

Before KELLY, KERN, and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellants, a law partnership and its several individual partners, appeal from a trial court order which dismissed the partnership's complaint on the ground that the complaint failed to state a claim upon which relief could be granted.[1] The trial court ruled that under the District of Columbia Wrongful Death Act, D.C.Code 1981, §§ 16–2701 et seq., the law partnership had no right of action for damages arising out of the death of the managing partner of the law firm. We agree with the trial court's ruling and affirm the order dismissing the complaint.

Appellant law partnership filed suit in Superior Court seeking damages from appellees for economic losses allegedly suffered by appellant as a result of the death of appellant's managing partner who was found dead on April 28, 1979, at the bottom of an elevator shaft in the building where the partnership leased office space. The complaint alleged that appellee Quadrangle Development Corporation was the developer of the office building, that appellee Salus Corporation constructed the building, and that appellee Otis Elevator Company manufactured, installed, and maintained the elevators in the building.[2] The complaint further alleged that appellees had been negligent, had breached express and implied warranties of a lease agreement with the law partnership, and had maintained a private nuisance in the office building, thereby proximately causing the death of appellant's managing partner. Appellant law partnership sought to be compensated for its financial loss resulting from the death of its managing partner.[3]

Each appellee, pursuant to Super.Ct. Civ.R. 12(b)(6), filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. A hearing was held on the motions. The trial court determined that since the complaint sought damages for the death of a person, the District of Columbia Wrongful Death Act was applicable. It further determined that the statute did not confer upon the partnership the right to bring suit for the alleged wrongful death. Therefore, the trial court ruled that the partnership had not stated a

---

1. The complaint was filed by a law partnership as plaintiff. Certain defendants filed motions to dismiss on the basis, *inter alia*, that the proper party plaintiffs were the individual partners rather than the partnership. In response, plaintiff moved for leave to file an amended complaint naming the individual partners as plaintiffs. The latter motion was not ruled upon as of the time the trial court dismissed the complaint. A motions panel of this court denied motions to dismiss as appellants those who had sought to appear as individual plaintiffs.

2. The complaint also named a limited partnership and its partners as defendants. Their dismissal is not a subject of this appeal.

3. All of appellants' claims under consideration here are derived from the managing partner's death. While the amended complaint which appellants sought to file included a nuisance claim apparently not entirely dependent upon that death, the requisite leave of court to file the amended complaint was not obtained. *See* Super.Ct.Civ.R. 15(a).

cause of action which would entitle it to relief, and granted appellees' motions to dismiss.

The ruling of the trial court was correct. At common law, there existed no right of action to recover damages for the wrongful death of another. *Semler v. Psychiatric Institute of Washington, D. C.*, 188 U.S. App.D.C. 41, 43, 575 F.2d 922, 924 (1978); *Jones v. Pledger*, 124 U.S.App.D.C. 254, 256, 363 F.2d 986, 988 (1966); *Ciarrocchi v. James Kane Co.*, 116 F.Supp. 848, 850 (D.D. C.1953); *O'Neil v. Shelton Bros. Trucking Co., Inc.*, 116 F.Supp. 654 (D.D.C.1953); W. Prosser, The Law of Torts § 127 (4th ed. 1971). As stated by Lord Ellenborough: "In a civil Court, the death of a human being could not be complained of as an injury . . . ," *Baker v. Bolton*, 1 Camp. 493, 170 Eng.Rep. 1033 (1808), *quoted in Jones v. Pledger, supra*, 124 U.S.App.D.C. at 256, 363 F.2d at 988. This prohibition has been applied uniformly in contract as well as in tort actions.[4] Thus, any right to recover for the death of another exists by virtue of a statute, or not at all. *Jones v. Pledger, supra*, at 256, 363 F.2d at 988; *Ciarrocchi v. James Kane Co., supra*, at 850–51; *O'Neil v. Shelton Bros. Trucking Co., Inc., supra*, at 654–55. *See Semler v. Psychiatric Institute of Washington, D. C., supra*, 188 U.S.App.D.C. at 43, 575 F.2d at 924.

In 1885 the Congress enacted the Wrongful Death Act for the District of Columbia, which is now codified at D.C.Code 1981, §§ 16–2701 *et seq.*[5] The statute confers a right to bring an action for wrongful death upon only one person, the "personal representative of the deceased person," [6] *id.*, § 16–2702, who may pursue such an action for the sole benefit of "the spouse and the next of kin of the deceased person," *id.*, § 16–2701.[7] *Emmett v. Eastern Dispensary and Casualty Hospital*, 130 U.S.App.D.C. 50, 53–54, 396 F.2d 931, 934–35 (1967); *Fleming v. Capital Traction Co.*, 40 App.D.C. 489, 491 (1913); *Ciarrocchi v. James Kane Co., supra*, at 849–50; *O'Neil v. Shelton Bros. Trucking Co., Inc., supra*, at 655. *See Semler v. Psychiatric Institute of Washington, D. C., supra*, 188 U.S.App.D.C. at 43, 575 F.2d 924; *Jones v. Pledger, supra*, 124 U.S. App.D.C. at 256, 363 F.2d at 988; *Wharton v. Jones*, 285 F.Supp. 634, 635 (D.D.C.1968).

4. *See Zostautas v. St. Anthony de Padua Hospital*, 23 Ill.2d 326, 178 N.E.2d 303 (1961). The historical development of this rule is treated at 178 N.E.2d 305 *et seq.*

5. The District of Columbia Wrongful Death Act is patterned after England's Fatal Accidents Act of 1846 (known as Lord Campbell's Act), 9 & 10 Vict. c. 93, which provided the first statutory remedy for wrongful death. *See generally Ciarrocchi v. James Kane Co., supra*, at 850; PROSSER, *supra*, § 127.

The Wrongful Death Act provides in part:
When, by an injury done or happening within the limits of the District, the death of a person is caused by the wrongful act, neglect, or default of a person or corporation, and the act, neglect, or default is such as will, if death does not ensue, entitle the person injured, or if the person injured is married, entitle the spouse, either separately or by joining with the injured person, to maintain an action and recover damages, the person who or corporation that is liable if death does not ensue is liable to an action for damages for the death, notwithstanding the death of the person injured, even though the death is caused under circumstances that constitute a felony.

The damages shall be assessed with reference to the injury resulting from the act,

neglect, or default causing the death, to the spouse and the next of kin of the deceased person; and shall include the reasonable expenses of last illness and burial. . . . [D.C. Code 1981, § 16–2701.]

It provides further:
An action pursuant to this chapter shall be brought by and in the name of the personal representative of the deceased person, and within one year after the death of the person injured. [D.C.Code 1981, § 16–2702.]

6. The term "personal representative" has been strictly construed to mean the decedent's executor or administrator, to the exclusion of all other persons. *Strother v. District of Columbia*, D.C.App., 372 A.2d 1291, 1296 n.7 & n.10 (1977); *Fleming v. Capital Traction Co.*, 40 App.D.C. 489, 491 (1913).

7. The purpose of the statute is "to provide a remedy whereby close relatives of the deceased, who might naturally have expected maintenance or assistance from the deceased had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained." *Semler v. Psychiatric Institute of Washington, D. C., supra*, 188 U.S.App.D.C. at 43–44, 575 F.2d at 924–25.

"[A]s the right of action is statutory, no person other than [the person] upon whom authority to bring the action is expressly conferred may maintain it." *Fleming v. Capital Traction Co., supra,* at 491. *Accord, Harris v. Embrey,* 70 App.D.C. 232, 233, 105 F.2d 111, 112 (1939).

In the instant case, even though the complaint was couched in terms of negligence, breach of warranty, and nuisance, and reference to the wrongful death statute was omitted, appellants were nevertheless seeking damages for the death of another. Thus, the complaint failed to state a right of action cognizable at common law.[8] The complaint did not and could not allege that appellant law partnership was the personal representative of the deceased bringing an action for the benefit of the spouse and next of kin of the deceased. It thus did not state a statutory right of action. Therefore, since the complaint did not state a claim which would entitle appellants to relief, it was properly dismissed by the trial court under Super.Ct.Civ.R. 12(b)(6). See *McBryde v. Amoco Oil Co.,* D.C.App., 404 A.2d 200, 202 (1979).

*Affirmed.*

---

**8.** Appellants argue that their right to proceed on the basis of appellees' breach of contractual obligation to them exists independent of the wrongful death statute. While at common law one's rights and liabilities under a contract survive one's death, *see generally Burka v. Patrick,* 34 Md.App. 181, 366 A.2d 1070 (1976); Prosser, *supra,* § 127 at p. 903, that principle is of no assistance to one who brings a contract action seeking damages by reason of the death of another. *Zostautas, supra* note 4.

There is a growing body of law to the effect that a wrongful death action will lie for a death caused by a breach of warranty. *See Dagley v. Armstrong Rubber Co.,* 344 F.2d 245 (7th Cir. 1965); *Quadrini v. Sikorsky Aircraft Division,* 425 F.Supp. 81 (D.Conn.1977); Prosser, *supra,* at 903. Some jurisdictions have held to the contrary relying often upon the wording of their wrongful death statute. *See, e.g., DiBelardino v. Lemmon Pharmacal Co.,* 416 Pa. 580, 208 A.2d 283 (1965); *Geohagan v. General Motors Corp.,* 291 Ala. 167, 279 So.2d 436 (1973). While authority to the effect that wrongful death actions may be pursued on a breach of warranty theory are helpful to the personal representative of a decedent, they do not aid appellants since appellants are not the proper party plaintiffs to bring such an action.