**NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Plaintiffs,**

**v.**

**The UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants.**

**Civ. A. No. 83–1509.**

United States District Court, District of Columbia.

Oct. 11, 1983.

**608**

Michael Rubin, Altshuler & Berzon, San Francisco, Cal., for plaintiffs.

Lawrence S. Ebner, McKenna, Conner & Cuneo, Washington, D.C., for intervenors.

Elizabeth Stein, Atty., U.S. Dept. of Justice, and Michael S. Winer, Atty., E.P.A., Washington, D.C., for defendants.

## MEMORANDUM

GASCH, District Judge.

Certain pesticide manufacturers and pesticide industry representatives seek leave to intervene as defendants in this action.[1] Although three separate motions to intervene have been filed, the prospective intervenors have asked the Court to designate the law firm of McKenna, Conner & Cuneo as lead counsel on their behalf. For the reasons discussed below, the motions to intervene are granted and the designation of McKenna, Conner & Cuneo as lead counsel is approved.

BACKGROUND

This case involves a challenge by a coalition of labor and environmental groups to the validity of certain "Regulatory Reform Measures for Pesticides" (the "Reform Measures") adopted by former Environmental Protection Agency ("EPA") Administrator Ann Gorsuch Burford.[2] According to plaintiffs, the Reform Measures permit representatives of the pesticide industry actively to participate in EPA's health and safety decisionmaking through private, unannounced meetings, which EPA has labeled "decision conferences." These "decision conferences" were allegedly used to, among other things, influence EPA's Rebuttable Presumption Against Registration ("RPAR") decisions, used by EPA since 1975 to assess whether the registration of pesticides suspected of causing cancer, birth defects, permanent genetic mutations, nerve damage or other adverse health defects should be restricted or suspended.[3]

Under EPA's RPAR procedures, EPA issues "notices of rebuttable presumption against registration" of particular pesticides on a worst-first basis. These pesticides are then the subject of extensive health and safety examinations. The burden is on the pesticide registrant to prove the safety of its product. Pesticides manufactured by the intervenors entered the RPAR process in 1978. Plaintiffs' complaint alleges, among other things, that preliminary decisions made by EPA to end the RPAR process and continue the registration

---

1. The proposed intervenors are: the American Wood Preservers Institute; Chemical Specialties Sales, Inc.; Koppers Company, Inc.; Simonsen Chemical Company; Reichhold Chemicals, Inc.; Vulcan Materials Company; Society of American Wood Preservers, Inc.; Mineral Research and Development Corporation; Osmose Wood Preserving Company of America, Inc.; and Great Southern Wood Preserving, Inc.

2. Plaintiffs allege that the challenged Reform Measures violate the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 *et seq.*, and the Federal Advisory Committee Act, 5 U.S.C.App. I, and were enacted in violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

3. Before a pesticide may be marketed in the United States, it must be registered with EPA.

of the intervenors' pesticide products were reached pursuant to the Reform Measures. Final regulatory decisions to continue registration of the intervenors' pesticide products have not been made.

Plaintiffs' complaint seeks a court order (1) enjoining continued implementation of the Reform Measures, including use of "decision conferences" with the regulated industry; (2) setting aside a series of EPA regulatory decisions reached pursuant to the Reform Measures or without publication or an opportunity for notice and comment; and (3) requiring EPA to submit a plan providing the means for lawfully reassessing such decisions.

## DISCUSSION

■ The intervenors have moved for leave to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("FRCP").[4] FRCP 24(a)(2) provides for intervention as of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, in determining whether the intervenors are entitled to intervene as of right, the Court must consider their claimed interest, this action's potential impact on that interest, and the adequacy of representation of that interest by existing parties to this action.

The first consideration—the interest requirement—has been interpreted in broad terms, and the United States Court of Appeals for the District of Columbia Circuit has stated that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Foster v. Gueory,* 655 F.2d 1319, 1324 (D.C.Cir.1981).

Here, the intervenors have shown the requisite interest in the litigation. Plaintiffs' complaint challenges procedures pursuant to which EPA reached preliminary decisions that the intervenors' pesticide products merited continued registration. If plaintiffs succeed in this case, these regulatory decisions, which are obviously in the intervenors' interests, will be set aside. Thus, the intervenors can be said to have a substantial and direct interest in the subject of this litigation.

To satisfy the second requirement for intervention as of right, the intervenors must show they are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest." FRCP 24(a)(2). The intervenors have spent several years trying to demonstrate to EPA that the pesticides they manufacture are not so dangerous that their registration should be restricted or terminated. If plaintiffs prevail in this case, this effort may be nullified.

Plaintiffs argue that their lawsuit only challenges EPA's procedures, not substantive decisions affecting the intervenors. The Court acknowledges that the continued registration of pesticides manufactured by the intervenors will not be *immediately* jeopardized should plaintiffs prevail on the merits of this case. If EPA's preliminary RPAR decisions were set aside by this Court, however, EPA would be required to reconsider the safety of pesticides that it had, preliminarily, decided merited continued registration. Consequently, the intervenors' interests would be practically impaired because they would have to start over again demonstrating to EPA the safety of their pesticide products. The possibility that even preliminary decisions of EPA relating to the intervenors' pesticide products would be set aside satisfies the practical impairment of interest requirement. *See Natural Resources Defense Council v. Costle,* 561 F.2d 904 (D.C.Cir.1977); *Envi-*

---

**4.** The intervenors have moved, in the alternative, for permissive intervention pursuant to FRCP 24(b)(2). It is not necessary to consider this issue because the Court grants intervention as of right.

*ronmental Defense Fund, Inc. v. Costle,* 79 F.R.D. 235 (D.D.C.1978).

The third and final part of the test for intervention as of right concerns the adequacy of representation of the intervenors' interests by existing parties. Intervenors have only the "minimal" burden of showing that the representation of their interests by existing parties may be inadequate. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972).[5] This burden has been satisfied.

Facially, it would seem that EPA and the intervenors have the same interest in demonstrating that the Reform Measures are lawful. Yet, the interests of EPA and the intervenors cannot always be expected to coincide. *See Natural Resources Defense Council v. Costle,* 561 F.2d at 912. EPA is defending policies and procedures that it utilizes in regulating many potentially harmful substances, not just pesticides manufactured by the intervenors. The intervenors' interests are more narrowly focused on proceedings relating to the particular pesticides they manufacture. *See id.* Thus, there may come a time in this action when the interests of EPA and the intervenors diverge, and EPA's representation of the intervenors' interests becomes inadequate.

For example, if this Court determines that the Reform Measures are unlawful, it will be necessary to construct procedures pursuant to which decisions of EPA can be reassessed. EPA and the intervenors may have very different ideas as to the form such procedures should take. The intervenors will desire procedures that give them maximum opportunity to show their pesti-

cide products are safe and entitled to continued registration. EPA will not share this interest. *See, e.g., Natural Resources Defense Council v. Costle,* 561 F.2d at 912 (EPA could not adequately represent industry intervenors because they might disagree over the timetable for the promulgation of regulations pursuant to a settlement agreement).

CONCLUSION

█ The intervenors have satisfied the requirements for intervention as of right pursuant to FRCP 24(a)(2) and an order will be entered this day granting leave for their intervention and designating McKenna, Conner & Cuneo as their lead counsel in this action.

5. Plaintiffs argue that this "minimal" burden increases significantly when the representation being evaluated is that of a government agency. In such a case, plaintiffs urge, there is a presumption of adequate representation. What plaintiffs overlook, however, is that this presumption arises only where "the representative is a governmental body or officer charged by law with representing the interests of the absentee." *Commonwealth of Pa. v. Rizzo,* 530 F.2d 501, 505 (3d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). In

the *Rizzo* case, the proposed intervenors were firefighters seeking intervention in a suit brought by the Commonwealth of Pennsylvania charging the Philadelphia Fire Department with racial discrimination in employment practices. *Id.* at 502–03. Thus, in *Rizzo,* the government plaintiff was directly charged with representing the interests of the proposed intervenors. Here, EPA represents the public interest, not solely that of the pesticide, or any other chemical, industry.