Billy Nathaniel **PERRY, Individually and as Personal Representative and Next of Kin to William Cook, Plaintiff,**

v.

**CRISS BROTHERS IRON WORKS, INC., and Harkless Construction Company, Inc., Defendants.**

Civ. A. No. 89–727 SSH.

United States District Court, District of Columbia.

Aug. 3, 1990.

Edwin H. Harvey, Washington, D.C., for plaintiff.

Christopher C. Fogleman, Michael F. Flynn, Rockville, Md., for Harkless Const. Co.

Thomas A. Farrington, Landover, Md., for Goode and Criss Bros. Iron Works, Inc.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This action is before the Court on plaintiff's motion for leave to file an amended complaint and defendants' motions to dismiss for lack of personal jurisdiction. For the following reasons, plaintiff's motion is denied. Defendants' motions are granted, and the case is dismissed without prejudice to refile in the proper jurisdiction.

### Background

This action arises out of a traffic accident in Bladensburg, Maryland, which took passenger William Cook's life. Defendants Criss Brothers Iron Works, Inc. (hereinafter Criss Brothers) and Harkless Construction Company, Inc. (hereinafter Harkless) employed the drivers involved in the accident. The individual drivers, who also were named as defendants, have been dismissed either by stipulation or for lack of personal jurisdiction.

This case has displayed several faces. Originally the decedent's wife and personal representative, Barbara Masterson–Cook, brought this action against the defendants based on the District of Columbia Survival Statute, D.C.Code § 12–101, and common law loss of consortium. Defendant Harkless moved to dismiss the complaint for lack of personal jurisdiction. This Court, in a Memorandum Opinion dated October 23, 1989, found personal jurisdiction over Harkless under the District of Columbia long-arm statute. D.C. Code § 13–423(a)(4). The Court found that then-plaintiff Masterson–Cook had alleged injury in the District of Columbia because her loss of consortium claim implied emotional suffering occurring primarily in her home in this District.

Subsequently, plaintiff Billy Nathaniel Perry, the deceased's son, replaced Masterson–Cook as personal representative of the deceased. He then successfully moved to intervene and to act as substitute plaintiff in this action. Plaintiff Perry's complaint relies on the District of Columbia Survival Statute. D.C.Code § 12–101. He seeks to file an amended complaint based on both the Survival Statute and the D.C. Wrongful Death Statute, D.C.Code § 16–2701. Defendants Harkless and Criss Brothers have filed motions to dismiss for lack of personal jurisdiction.

### Analysis

 Plaintiff's motion to file an amended complaint seeks to add to his survival action a claim under the D.C. Wrongful Death Statute. Such a claim would allow recovery for loss of maintenance, assistance, and services to him as surviving beneficiary. However, the Wrongful Death Statute, by its terms, creates a cause of action only for deaths caused by injuries occurring within the District of Columbia. *See Fitsock v. Kaiser Found. Health Plan of the Mid–Atlantic States*, No. 89–0490, 1990 WL 129445 (D.D.C. Feb. 6, 1990) (LEXIS, Genfed library, Courts file). Because the accident causing Cook's death occurred in Maryland, plaintiff has no cause of action under the Wrongful Death Statute. Therefore, plaintiff's motion to file the amended complaint is denied. The issue next before the Court is whether it may exercise personal jurisdiction over defendants Harkless and Criss Brothers based on the survival claim.

The District of Columbia long-arm statute provides that a District of Columbia court may assert jurisdiction over one who "causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." Therefore, in order for the statute to reach defendants, the Court must find (1) tortious injury in the District, (2) an act or omission outside the District, and (3) certain minimum contacts between defendants and the District. Defendants contend that William Cook, whom plaintiff Perry effectively represents, suffered no tortious injury in the District of Columbia because the accident took place in Maryland. They claim that because the former plaintiff Masterson–Cook's loss of consortium claim is now defunct, the Court no longer has a basis for personal jurisdiction over them. The Court agrees. Therefore, the Court need not address the last two

requirements for long-arm jurisdiction, for the defendants inflicted no tortious injury in the District.

The Survival Statute defines the only remedies Perry may recover in this Court for his father's death. Under District of Columbia common law, no right of action to recover damages for the wrongful death of another existed, and a victim's death extinguished any cause of action for tortious injury. *Greater S.E. Community Hosp. v. Williams*, 482 A.2d 394, 396 (D.C.1984); *Cole, Raywid & Braverman v. Quadrangle, Etc.*, 444 A.2d 969, 971 (D.C.1982). Congress created the Wrongful Death and Survival Statutes to alleviate these harsh common law rules. *Williams*, 482 A.2d at 396. The statute, therefore, provides plaintiff with his only recourse for his father's death. The question, then, becomes whether any tortious injury arising under the Survival Statute occurred within the District.

District of Columbia law distinguishes the acts or omissions which cause an injury from the injury itself. Thus, the Court must look to where the alleged injury occurred. *Aiken v. Lustine Chevrolet, Inc.*, 392 F.Supp. 883 (D.D.C.1975). Instructive in defining tortious injury is *Norair Engineering Associates v. Noland Co.*, 365 F.Supp. 740 (D.D.C.1978). In that case, plaintiffs who used defective pipe in a West Virginia housing project did not suffer tortious injury in the District of Columbia simply because they borrowed funds in the District to pay the replacement cost of the pipe. The court made clear that the injury complained of in that case was the defective pipe, and that any financial loss was a result of that injury. *Id.* at 743. The replacement money was simply a measure of damages caused by the defective pipe. Similarly, in *Leaks v. Ex–Lax, Inc.*, 424 F.Supp. 413 (D.D.C.1976), plaintiff suffered injuries in Arizona as a result of ingesting Ex–Lax, and received medical care in Arizona. She returned to her home in D.C. and continued to suffer pain and to incur financial loss there. The Court found that, for the purposes of the long-arm statute, her injury occurred in Arizona and her pain and financial loss in the District of Columbia were simply a measure of her damages.

Following this logic, the present action addresses a tortious injury in Maryland, and any financial loss in this jurisdiction represents a measure of damages. The D.C. Survival Statute allows a surviving representative to stand in the shoes of the deceased, and to sue as the deceased would have had a right to sue had he lived. It creates no new right of action. *See, Semler v. Psychiatric Inst. of Washington, D.C.*, 575 F.2d 922, 925 (D.C.Cir.1978); *Jones v. Rogers Memorial Hosp.*, 442 F.2d 773 (D.C.Cir.1971). In this case, decedent's right to sue would have arisen from his injuries in the car accident in Maryland, where he allegedly suffered tortious injury. While the statute allows recovery for loss of future earnings, that financial loss is a measure of his damages. Because the Survival Statute simply extends to the deceased's estate his right to sue, and creates no right of action in his administrator, the only tortious injury in question is that which the decedent sustained in Maryland. Therefore, defendants Harkless and Criss Brothers inflicted no tortious injury in the District of Columbia, and are beyond the reach of the long-arm statute. This Court therefore lacks personal jurisdiction over defendants.

Accordingly, it hereby is

ORDERED, that plaintiff's motion for leave to file an amended complaint is denied. It hereby further is

ORDERED, that defendants Harkless's and Criss Brothers' motions to dismiss for lack of personal jurisdiction are granted. Accordingly, this case is dismissed without prejudice to refile it in the proper jurisdiction. It hereby further is

ORDERED, that defendant Criss Brothers' motion for leave to file a cross-claim is denied as moot. It hereby further is

ORDERED, that defendant Criss Brothers' motion for leave to file an amended motion to dismiss is denied as moot.

SO ORDERED.