Mable S. JONES, Plaintiff,

v.

PRINCE GEORGE'S COUNTY, et al., Defendants.

No. CIV.A. 00–2902(RWR/JMF).

United States District Court, District of Columbia.

Aug. 24, 2001.

Gregory L. Lattimer, Washington, DC, for plaintiff.

Rhonda L. Weaver, Office of the County Attorney, Upper Marlboro, MD, for defendants.

Patrick Allen Malone, Stein, Mitchell & Mezines, Washington, DC, Terrell Roberts, III, Roberts & Wood, Riverdale, MD, Howard Barry Ackerman, Washington, DC, for movants.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case has been referred to me for resolution of a Motion to Intervene brought by Candace Jackson ("Ms.Jackson") on behalf of Nina Amayyé Eden Chi Jones ("Nina Jones") and by Prince Carmen Jones, Sr. ("Mr.Jones"). For the reasons discussed subsequently, the Motion to Intervene is denied.

## I. BACKGROUND

The claims in this case arose out of the death of Prince Carmen Jones, Jr. ("the decedent"). The plaintiff alleges that defendant Prince George's County Police Department and defendant police officers were conducting police activities in the District of Columbia in the late hours of August 31, 2000. Complaint, ¶ 10. The plaintiff argues that, in the course of these activities, defendants Officer Carlton B. Jones and Sergeant Alexandre Bailey, both officers of the Prince George's County Police Department, fol-

lowed the decedent's vehicle from D.C. into Maryland and back through D.C. to Fairfax County, Virginia. Complaint, ¶¶ 13–14. It is alleged that the defendant officers then stopped the decedent's vehicle and fired 16 rounds, five of which struck the decedent. Complaint, ¶ 16. The decedent died from these injuries. *Id.*

The decedent is survived by his daughter, movant Nina Jones, his mother, plaintiff Mabel S. Jones ("Mrs.Jones"), and his father, movant Mr. Jones.[1] Complaint, ¶ 5; Motion to Intervene, April 4, 2001. Ms. Jackson, who also survived the decedent, is Nina Jones' mother and represents her in this motion.

On September 17, 2000, Ms. Jackson, as the natural mother of the decedent's minor heir, asked the State of Maryland to appoint Mrs. Jones the decedent's personal representative. "Consent to Appointment of Personal Represntative," *In the Estate of Prince Carmen Jones, Jr.*, Estate No. 58231 (September 17, 2000). In expressing her consent to this appointment, Ms. Jackson acknowledged that she could not withdraw that consent except upon a showing of good cause. *Id.* The State of Maryland appointed Mrs. Jones the personal representative of the decedent's estate on September 22, 2000. "Letters of Administration of Small Estate," *In the Estate of Prince Carmen Jones, Jr.*, Estate No. 58231 (September 22, 2000).

On December 5, 2000, Mrs. Jones filed a complaint against numerous defendants in the United States District Court for the District of Columbia. This complaint included a wrongful death claim under Virginia's Wrongful Death Act, Va.Code § 8.01–50. Complaint, ¶ 26. Ms. Jackson, who had been represented by the same attorneys as Mrs. Jones, terminated her representation by those attorneys on December 18, 2000, and in early 2001, Ms. Jackson, acting on behalf of Nina Jones, and Mr. Jones filed a complaint against the defendants in a Maryland court. Plaintiff's Opposition to Motion to Intervene, Attachment 6 (April 26, 2001); *Id.*, ¶ 2. Mrs. Jones intervened in that case and has a pending motion for summary judgment as-

---

1. *Mr. Jones is Mrs. Jones' former husband.*

serting that as the decedent's personal representative, she is the only individual entitled to sue. *Id.*

Completing the complicated web of lawsuits, Ms. Jackson, again acting on behalf of Nina Jones, and Mr. Jones filed a Motion to Intervene in this case on April 4, 2001. Motion to Intervene (April 4, 2001). The motion asserts that these parties should be permitted to intervene to protect their interests in this lawsuit and to stay the wrongful death proceedings until their separate Maryland case is resolved. *Id.*

## II. DISCUSSION

The movants seek leave to intervene as of right and permissively pursuant to Rule 24 of the Federal Rules of Civil Procedure. This Court will evaluate their claims regarding intervention as of right before addressing their claims regarding permissive intervention. In addition, because there are substantial differences in the merits of Mr. Jones and Nina Jones' claims, the Court will address their claims separately.

### A. *Nina Jones' Motion for Intervention as of Right*

Upon timely application, Rule 24(a)(2) provides for intervention as of right:

> when an applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). The plaintiff does not dispute that the movants' application was timely. Therefore, in assessing whether Nina Jones is entitled to intervene as of right, the Court must consider: 1) whether she has standing; 2) whether she has an interest in the transaction; 3) whether the action potentially impairs the protection of that interest; and 4) whether the alleged

interest is adequately represented by existing parties to the action. *See Building and Const. Trades Dep't., AFL–CIO v. Reich,* 40 F.3d 1275, 1282 (D.C.Cir.1994); *Nuesse v. Camp,* 385 F.2d 694, 699 (D.C.Cir.1967); *Natural Resources Defense Council v. EPA,* 99 F.R.D. 607, 609 (D.D.C.1983) (*"Natural Resources "*).

The movants only want to intervene regarding the wrongful death claim. The movants' primary purpose in this motion is "to intervene solely to prevent the disposition of such claims in an adverse manner that might have a *res judicata* [claim preclusive] effect elsewhere." Motion to Intervene at 7. Their Motion to Intervene states that they do not "wish to interfere with the personal representative's prosecution of Survival of Action claims for the decedent's estate." *Id.*

### Standing

■ In this circuit, a party seeking to intervene must establish the same constitutional standing it would have to establish had it commenced the lawsuit in the first place. *Building and Const. Trades,* 40 F.3d at 1282. The rationale for this is simple: "because an intervenor participates on equal footing with the original parties to a suit, a movant for leave to intervene under Rule 24(a)(2) must satisfy the same Article III standing requirements as original parties." *Id.,* citing *City of Cleveland v. Nuclear Regulatory Comm'n,* 17 F.3d 1515, 1517 (D.C.Cir.1994).

This Court must apply the Virginia wrongful death statute to a death that resulted from a fatal injury that occurred in Virginia. Neither this Court nor a D.C. court could apply the D.C. Wrongful Death Act because the statute applies only when a death is caused "by an injury occurring or happening within the limits of the District." D.C.Code 1981 § 16–2701. *See Perry v. Criss Bros. Iron Works,* 741 F.Supp. 985 (D.D.C.1990) (where an automobile accident in Maryland did not create a cause of action under the D.C. Wrongful Death Act).[2]

---

2. While doubtful, it is potentially feasible that the movants could have concocted an argument that the D.C. wrongful death statute could be applied in this case because the wrongful injury causing the death commenced in D.C. when the defen-

dant police officers began following the decedent. Without even addressing its merits, the Court can disregard this argument because the D.C. wrongful death statute has also been interpreted to create an exclusive right to sue in the

Nina Jones must demonstrate that she has standing in this Court under Virginia's wrongful death statute. She cannot meet this requirement. The Virginia wrongful death statute states that every action for death by a wrongful act "shall be brought by and in the name of the personal representative of such deceased person." Virginia Code 1950 § 8.01–50(B). Because a wrongful death action in Virginia is purely statutory, the right of action is limited by the statute creating the right. *Janakiev v. Robinson,* 1991 WL 835383 *2 (Va. Cir. Ct.) (1991). Both Virginia and federal courts have interpreted this statute as granting the personal representative exclusive standing to file a wrongful death action. *See Id.* (affirmatively citing *Goff's Adm'r v. Norfolk & W.R. Co.,* 36 F. 299 (W.D.Va.1888)). Clearly, Virginia law does not grant Nina Jones standing to initiate this claim.

Without standing, this Court cannot allow the movant to intervene as of right.

### Adequacy of Representation

■ Even if one assumes that the movant had standing, she has not met another essential requirement because she has not shown that the existing parties fail to adequately represent her interest. Although the movant faces only a minimal burden in showing the inadequacy of existing representation, *Natural Resources Defense Council v. Costle,* 561 F.2d 904 (D.C.Cir.1977) (citing *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)), the fiduciary duty owed by Mrs. Jones to Nina Jones suffices to show adequacy. Mrs. Jones was appointed as the personal representative of the decedent's estate with Ms. Jackson's consent and approval. "Consent to Appointment of Personal Representative," *In the Estate of Prince Carmen Jones, Jr.,* Estate No. 58231 (September 17, 2000). In fulfilling her obligations as personal representative, Mrs. Jones initiated this wrongful death action under Virginia law. This statute clearly states that any recovery in such an action shall be distributed "to (i) the surviving spouse, children of the de-

ceased, and children of any deceased child of the deceased or (ii) *if there be none such,* then to the parents, brothers and sisters of the deceased." Va.Code 1950 § 8.01–53 (emphasis added). Because the decedent did not have a spouse and Nina Jones was his only child, she is the sole beneficiary of this action.

Common law imposes very exacting fiduciary standards upon the personal representative of an estate. Should the movant be able to demonstrate that Mrs. Jones breached her fiduciary duty by mismanaging this lawsuit, Mrs. Jones would be liable for such a breach. *See Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404 (D.C.Cir.1995). That theoretical possibility and potential legal entitlement does not render Mrs. Jones' representation inadequate.

### B. *Mr. Jones' Motion for Intervention of Right*

■ Mr. Jones fails the very first hurdle, standing, and is excluded from being able to intervene. Neither his parental relationship to the decedent nor his co-custodianship of Nina Jones is sufficient to grant him standing. While his former wife has standing, her exclusive standing is achieved not through her parental relationship to the decedent but through her appointment as the personal representative of his estate.

Having determined that Mr. Jones lacks standing, the Court will not consider the other required elements.

### C. *Nina Jones' and Mr. Jones' Motion for Permissive Intervention*

■ The movants also moved for permissive intervention under Rule 24(b)(2). Rule 24(b)(2) provides for permissive intervention when

an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the

decedent's personal representative. *Cole, Raywid & Braverman v. Quadrangle Dev. Corp.,* App. D.C., 444 A.2d 969 (1982) (interpreting D.C.Code

1981 § 16–2702). Thus, even if the D.C. Wrongful Death Act applied, the intervenors would not have standing and could not intervene.

adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2).[3]

Allowing the movants to intervene permissively would prejudice the adjudication of the rights of Mrs. Jones, an original party. The statute has accorded the personal representative an exclusive right of action. With or without movants' participation, Nina Jones is the sole beneficiary of that suit. With the movants' participation, however, Mrs. Jones would face an added burden of managing this lawsuit with extra parties involved. The statute granted Mrs. Jones an exclusive right of action to prevent complicated or duplicitous trials. In this case, with Mrs. Jones under a fiduciary duty to the estate of which Nina Jones is the sole beneficiary, the statute's right of action restriction serves its purpose. Mrs. Jones will either dutifully pursue this lawsuit for the benefit of Nina Jones or will face consequences for breaching her fiduciary duty. This Court will not permit the movants to complicate her efforts to recover for the estate.

This resolution creates a seemingly odd and counterintuitive situation because the sole beneficiary of this legal action cannot establish standing to participate in the proceedings. This troubling conundrum is resolved when one reviews the form on which Ms. Jackson, acting in her role as the natural mother of the decedent's minor heir, consented to the appointment of Mrs. Jones as the estate's personal representative. Ms. Jackson acknowledged that if this appointment happened, she could not withdraw her consent "except upon a showing of good cause." "Consent to Appointment of Personal Representative," *In the Estate of Prince Carmen Jones, Jr.,* Estate No. 58231 (September 17, 2000). Thus, Nina Jones, through her mother, consented to having Mrs. Jones represent the decedent's estate and her interest in it.

## III. CONCLUSION

The movants, Nina Jones as represented by Ms. Jackson, and Mr. Jones, have failed to satisfy their burden under either Rule 24(a)(2) or Rule 24(b)(2) and shall not be permitted to intervene either as of right or permissively. An order denying their Motion to Intervene will accompany this Memorandum Opinion.

**SO ORDERED.**

**3.** There is uncertainty regarding whether standing is necessary for permissive intervention. *In Re: Vitamins Antitrust Class Actions, et al.,* 215 F.3d 26, 31 (2000) (citations omitted). On one hand, it is noteworthy that "[a]bsent a statutory basis for intervention, Rule 24(b) requires that would-be intervenors advance a 'claim or defense' that shares a common questions with the claims of the original parties, with the apparent goal of disposing of related controversies together." *EEOC v. National Children's Ctr., Inc.,* 146 F.3d 1042, 1045 (D.C.Cir.1998). "The words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending lawsuit."

*Diamond v. Charles,* 476 U.S. 54, 76, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (O'Connor, J., concurring).

On the other hand, this Circuit has "eschewed strict readings of the phrase 'claims or defense,' allowing intervention even in 'situations where the existence of any nominate "claim or defense" is difficult to find.'" *National Children's Ctr.,* 146 F.3d at 1046, *quoting Nuesse v. Camp,* 385 F.2d 694, 704 (D.C.Cir.1967).

This dilemma need not be resolved because this Court has decided the permissive intervention motion against the movants on other grounds.